COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Clements
Argued at Salem, Virginia


PHILIP BUTLER GROGGINS
                                              OPINION BY
v.    Record No. 1436-99-3      JUDGE RUDOLPH BUMGARDNER, III
                                          NOVEMBER 28, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
                  George E. Honts, III, Judge

          Melissa W. Friedman (Law Offices of Anthony
          F. Anderson, on briefs), for appellant.

          Leah A. Darron, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     A jury convicted Philip Butler Groggins of driving under
the influence of alcohol in violation of Code § 18.2-266.  He
argues the trial court erred by limiting his toxicologist's
testimony and when instructing the jury.  Finding no error, we
affirm.

     Botetourt County Deputy C.L. Cook stopped the defendant for
driving 67 miles per hour in a 45 mile-per-hour zone.  He
detected a strong odor of alcohol, and after conducting sobriety
tests and an alcosensor test, he arrested the defendant for
driving under the influence.  The defendant refused to submit to
a blood or breath test.

At trial, the defendant testified that between 7:30 and 10:00 p.m. he consumed two one-and-a-half-ounce drinks of vodka and a glass of wine with dinner.  He presented a toxicologist, Richard J. McGarry, who testified extensively on the absorption and dissipation rates of alcohol in the blood stream.  The trial court permitted McGarry to answer a hypothetical question that, given the defendant's size and alcohol consumption, the amount of alcohol consumed would be insufficient to cause a person to drive unsafely.  However, the trial court did not permit the toxicologist to state his opinion that defendant's blood alcohol content would have been between .02% and .03%.

The defendant contends the trial court abused its discretion in prohibiting McGarry from specifying the defendant's blood alcohol content at the time of the offense. He argues the statutory presumptions[1] applied to the

---

[1]     § 18.2-269. Presumptions from alcohol content of blood.
     A.  In any prosecution for a violation of § 18.2-36.1 or § 18.2-266 (ii), or any similar ordinance, the amount of alcohol in the blood of the accused at the time of the alleged offense as indicated by a chemical analysis of a sample of the accused's blood or breath to determine the alcohol content of his blood in accordance with the provisions of §§ 18.2-268.1 through 18.2-268.12 shall give rise to the following rebuttable presumptions:
     (1) If there was at that time 0.05 percent or less by weight by volume of alcohol in the accused's blood or 0.05 grams or less per 210 liters of the accused's breath, it shall be presumed that the

-

toxicologist's opinion, and the trial court erred in not instructing on them.  The trial court refused defense Instruction Z,[2] which stated that a person with a blood alcohol

accused was not under the influence of
alcohol intoxicants at the time of the
alleged offense;
    (2) If there was at that time in excess
of 0.05 percent but less than 0.08 percent
by weight by volume of alcohol in the
accused's blood or 0.05 grams but less than
0.08 grams per 210 liters of the accused's
breath, such facts shall not give rise to
any presumption that the accused was or was
not under the influence of alcohol
intoxicants at the time of the alleged
offense, but such facts may be considered
with other competent evidence in determining
the guilt or innocence of the accused; or
    (3) If there was at that time 0.08
percent or more by weight by volume of
alcohol in the accused's blood or 0.08 grams
or more per 210 liters of the accused's
breath, it shall be presumed that the
accused was under the influence of alcohol
intoxicants at the time of the alleged
offense.

[2] Instruction Z provided:

You have received evidence of the
amount of alcohol concentration of the
Defendant at the time he was operating his
automobile.  If you believe the evidence
that has been introduced by the Defendant
that at the time he was operating his
automobile he had a blood alcohol
concentration of 0.05 or less, there is a
rebuttable presumption that the Defendant
was not under the influence of alcohol at
the time of the alleged offense.  This
presumption may be rebutted by other
evidence.

-

concentration of .05 or less is presumed not under the influence of alcohol.

The statutory presumptions do not apply to this case. Those presumptions apply only when a blood or breath test is administered pursuant to Code §§ 18.2-268.1 through -268.12. The statutory presumptions do not apply because the defendant refused to take either the blood or breath test and no test was given under the implied consent law. Code § 18.2-269. In Essex v. Commonwealth, 228 Va. 273, 286, 322 S.E.2d 216, 223 (1984), the trial court erred when it instructed on the statutory presumptions. In that case, a test performed at a hospital, but not pursuant to the implied consent law, did not raise the presumptions. "Code § 18.2-269 expressly provides that the presumptions it creates arise only when a blood-alcohol test is conducted 'in accordance with the provisions of § 18.2-268 [now § 18.2-268.1 et seq.].'" Id. at 286, 322 S.E.2d at 223 (footnote omitted).

As in Essex, the evidence in this case did not permit the giving of an instruction about the statutory presumptions. Even an instruction that accurately states the law may not be given if it is inapplicable to the facts of a given case. King v. Commonwealth, 2 Va. App. 708, 711, 347 S.E.2d 530, 531 (1986). The toxicologist's opinion about the defendant's blood alcohol content was not based on the results of a properly administered blood or breath test. Expert testimony is inadmissible "if it

-

is founded on assumptions that have an insufficient factual basis."  Keesee v. Donigan, 259 Va. 157, 161, 524 S.E.2d 645, 648 (2000) (citations omitted).  The trial court did not err in refusing to admit the opinion or to give Instruction Z.

The defendant also contends the trial court erred in granting Instruction No. 4,[3] which told the jury it could consider the defendant's prior inconsistent statements as substantive evidence.  The Commonwealth introduced the statements the defendant made when stopped by the deputy to show he kept changing his story about whether he had been drinking and the amount he had consumed.

A witness' prior inconsistent statement is admissible to impeach trial testimony but is not admissible to prove the truth of the matter asserted.  If the prior statement is offered to prove the truth of the statement uttered, it is hearsay.  Hall [Pugh] v. Commonwealth, 233 Va. 369, 374, 355 S.E.2d 591, 594-95 (1987).  However, if the witness is a party, the prior inconsistent statement is an admission and is admissible as an exception to the hearsay rule.  Land v. Commonwealth, 211 Va. 223, 229, 176 S.E.2d 586, 590-91 (1970).

---

[3] Instruction 4 provided:

> If you believe from the evidence that the defendant previously made a statement inconsistent with his testimony at this trial, that previous statement may be considered by you as proof that what the defendant previously said was true.

-

Satcher v. Commonwealth, 244 Va. 220, 421 S.E.2d 821 (1992), addressed the argument defendant raises. "Satcher contends the trial court erred in refusing his Instruction J, which would have limited the jury's consideration of Satcher's pretrial 'I-am-being-framed-for-murder-or-rape' statement to its bearing on his credibility. However, this limitation is applicable only to 'a witness who is not a party to the case on trial.'" Id. at 256, 421 S.E.2d at 843 (quoting Hall [Pugh], 233 Va. at 374, 355 S.E.2d at 594). Goins v. Commonwealth, 251 Va. 442, 470 S.E.2d 114 (1996), explains the reason behind the exception to the hearsay rule. "In the case of a party admission, the credibility of the extrajudicial declarant is not an issue affecting the admissibility of the statement, because the party need not cross-examine his own statement in order to be in a position to deny, contradict, or explain the statement." Id. at 461, 470 S.E.2d at 127 (citation omitted).

"Despite occasional misunderstandings on this point, consideration by the trier of fact of a party's admissions is not limited to the issue of the party's credibility. Party admissions are admitted to prove the truth of the matter asserted, and may be considered by the trier of fact for that purpose." Charles E. Friend, The Law of Evidence in Virginia § 18-38, at 748 (5th ed. 1999) (emphasis in original). Instruction 4 was a correct statement of law, and the trial court did not err in giving it.

-

For the foregoing reasons,[4] we affirm the conviction.

Affirmed.

---

[4] On brief, the defendant also contends the trial court erred in granting Instruction Nos. 8 and 9.  We did not grant the defendant an appeal on those instructions and will not address them.  Rule 5A:12; Perez v. Commonwealth, 25 Va. App. 137, 139 n.2, 486 S.E.2d 578, 579 n.2 (1997).