COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Haley and Petty
Argued at Alexandria, Virginia


JOHN ROBERT LAY

                                                                    OPINION BY
v.        Record No. 1957-06-4                    JUDGE D. ARTHUR KELSEY
                                                                 SEPTEMBER 4, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Stanley P. Klein, Judge

        Michael F. Devine (Devine, Connell & Sheldon, PLC, on
        brief), for appellant.

        Richard B. Smith, Special Assistant Attorney General
        (Robert F. McDonnell, Attorney General, on brief), for
        appellee.


        A jury convicted John Robert Lay of statutory burglary and abduction.  On appeal, Lay

challenges only his burglary conviction.  He claims the jury instruction given in his case limited the

prosecution's theory to an actual breaking with physical force against the entry portal.  From that

premise, Lay asserts that the evidence — even viewed in the light most favorable to the

Commonwealth — does not support that theory.  We disagree with Lay's first premise and, thus,

need not address his second.

                                                    I.

        On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  Examining the evidence

through this evidentiary prism requires us to "discard the evidence of the accused in conflict with

that of the Commonwealth, and regard as true all the credible evidence favorable to the

Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted).

So viewed, the evidence at trial showed that a woman, an Indonesian national, returned home from the grocery store. As she was standing on her front porch with grocery bags, a man she did not know approached her and said he needed to borrow her phone. Testifying through an interpreter, the woman stated that, at the door of her home, "he forced me and I was opening the door because I was frustrated, I didn't know what to do at that time because he forced me, and he was carrying my bags and he was going in." Without any request to do so, the man picked up her grocery bags and abruptly entered the home as the woman opened the door. Asked whether she invited Lay into her home, the woman said she "didn't let him through, but he was forcing himself." She was "so frightened, and he was forcing himself to go into the house."

The man, later determined to be Lay, then "placed his body in front of the door" and said he was a police officer. He did not use the phone but instead asked the woman whether she was "illegal." When the woman "tried to run away," Lay raised his knee to prevent her from leaving. Keeping her wits about her, the woman called out her renter's name even though she knew he was not there. The ruse worked, and Lay hastily left.

A detective interviewed Lay shortly after the incident. Lay initially tried to persuade the detective that his encounter with the victim was an effort to help the police investigate Hispanic gang crime. Lay later confessed that on three prior occasions he had approached women while claiming to be a police officer investigating illegal aliens. He admitted his intent in those prior encounters was to solicit sex.

At the close of the Commonwealth's case, Lay moved to strike the burglary charge. Assuming the prosecution was asserting only a constructive breaking theory of burglary, Lay's counsel discussed the attributes of a *prima facie* showing of constructive breaking and argued the

evidence was insufficient to support a conviction. The trial court denied the motion, and Lay rested without presenting any evidence. The Commonwealth and Lay offered identical instructions on the breaking element of the burglary charge. The agreed-upon instruction defined "breaking" as the "use of some force, however slight, to gain entry." Va. Model Jury Instruction No. 12.600, at 12-49 (2006).

During their deliberations, the jurors asked the trial court to define "some force, however slight" in the breaking instruction. They further asked: "Must there be physical or can it be intimidation or other emotional means?" With the agreement of the Commonwealth and Lay, the trial court did not directly answer the question but instead directed the jurors to rely on the instructions they had been given. The jury found Lay guilty of statutory burglary under Code § 18.2-92 and abduction under Code § 18.2-47(A).

## II.

A "breaking" under burglary law can be "either actual or constructive." Bao Quoc Doan v. Commonwealth, 15 Va. App. 87, 99, 422 S.E.2d 398, 404 (1992). Actual breaking requires the use of physical force, often against some structural aspect of the entry portal. See Johnson v. Commonwealth, 221 Va. 872, 876, 275 S.E.2d 592, 594-95 (1981). "Merely pushing open a door, turning the key, lifting the latch, or resort to other slight physical force is sufficient to constitute this element of the crime." Id. at 876, 275 S.E.2d at 595 (quoting Davis v. Commonwealth, 132 Va. 521, 523, 110 S.E. 356, 357 (1922)).

On the other hand, constructive breaking can include fraud, threats, trickery, conspiracy, or some other nefarious conduct designed to prompt the victim to let the burglar inside. See id. at 876, 275 S.E.2d at 594; Bao Quoc Doan, 15 Va. App. at 99, 422 S.E.2d at 404-05 (distinguishing "physical force" from "threats, fraud or conspiracy" and finding either category sufficient to prove a

breaking).  When an intimidated or defrauded victim "opens the door and the thief enters, such entry will amount to breaking in law; for which some have given as a reason, that the opening of the door by the owner being occasioned by the felonious attempt of the thief, is as much imputable to him as if it had been actually done by his own hands."  Clarke v. Commonwealth, 66 Va. (25 Gratt.) 908, 912 (1874) (citing 1 Russell on Crimes 792).  Constructive breaking principles thus recognize that, while the burglar may not technically use actual, physical force to gain entry, "the law will not suffer itself to be trifled with such evasions . . . ."  4 William Blackstone, Commentaries on the Laws of England 226 (1769).

Lay does not contest these settled principles.  He simply assumes the jury instruction defining "breaking" in this case limited the jury's factfinding to the presence or absence of actual, physical force against the entry portal.  Upon that assumption rests his question presented:  "Was the evidence sufficient to prove an actual breaking when entry was made without the use of force against any object attached to the premises and used for security?"  Appellant's Br. at 2.  We do not answer this question, however, because we disagree with the assumption underlying it.

Nothing in the text of the instruction in any way qualified the concept of force.  The instruction required only a showing of "some force, however slight."  Va. Model Jury Instruction No. 12.600, at 12-49.  As the jurors' question suggested, "some force, however slight" could be understood to include actual as well as constructive force.  See Black's Law Dictionary 673 (8th ed. 2004) (defining "force" to include both actual and constructive force).[1]  Nor does the instruction say that the force must necessarily be directed against an "object attached to the premises and used for security."  See Appellant's Br. at 2.  It merely stated that force be used "to gain entry."  Va. Model

---

[1] Accord Martin v. Commonwealth, 272 Va. 31, 34, 630 S.E.2d 291, 292 (2006) (observing that, in sexual offenses, "we have repeatedly held that 'force' includes both actual and constructive force"); Davis v. Commonwealth, 186 Va. 936, 946, 45 S.E.2d 167, 171 (1947) ("Under the law two types of force, active and constructive, are recognized.").

Jury Instruction No. 12.600, at 12-49.[2] Force includes "[p]ower, violence, or pressure directed against *a person or thing*." Black's Law Dictionary, *supra*, at 673 (emphasis added). Given the lack of any further qualifications, the "to gain entry" phrase in the instruction permitted the jury to find Lay guilty if he forced the victim to open the door no less than if he forced the door open himself.

III.

In short, we see no reason to test the sufficiency of the evidence under an actual breaking theory of burglary law because we see no reason why the jury instruction precluded the jury from finding a constructive breaking — a theory of liability wholly unaddressed by Lay's question presented.[3] Finding Lay's question presented self-defeating, we affirm his conviction for statutory burglary.

Affirmed.

---

[2] Other model instructions make an effort to separate actual from constructive breaking principles. See, e.g., 4 Ronald J. Bacigal & Joseph S. Tate, Virginia Practice Series: Jury Instructions §§ 114:2, 114:3, at 593-94 (2007); 1 Michael J. Herbert & Ronald J. Bacigal, Virginia Jury Instructions §§ 114.02, 114.021, at 548-49 (3d ed. 1998).

[3] Lay's question presented does not challenge the sufficiency of the evidence under constructive breaking principles. We thus do not answer this unasked question. See Selph v. Commonwealth, 48 Va. App. 426, 434, 632 S.E.2d 24, 28 (2006) (Under Rule 5A:12(c), "[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals." (citation omitted)); see also Saunders v. Commonwealth, 48 Va. App. 196, 207, 629 S.E.2d 701, 706 (2006).