COURT OF APPEALS OF VIRGINIA

Present:   Judges McClanahan, Petty and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


JOHN CHERIN
                                                MEMORANDUM OPINION* BY
v.        Record No. 0215-07-4                  JUDGE ELIZABETH A. McCLANAHAN
                                                       MARCH 11, 2008
PATRICIA A. CHERIN


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Gaylord L. Finch, Jr., Judge

            David L. Duff (The Duff Law Firm, on brief), for appellant.

            John E. Byrnes (Condo Roop Kelly & Byrnes, P.C., on brief), for
            appellee.


        John Cherin (husband) appeals from the judgment of the trial court giving full faith and

credit to a Massachusetts divorce judgment obtained by Patricia A. Cherin (wife) and dismissing

husband's divorce action in Virginia.  Husband contends the trial court erred in granting full faith

and credit to the Massachusetts judgment because:  (1) the Massachusetts court did not have

personal jurisdiction; and (2) the Massachusetts court refused to give full faith and credit to an

injunction order entered by the Virginia court.  Husband also contends that principles of equity

preclude wife's request for dismissal of husband's divorce action and husband's sanctions

motion should have remained viable despite the dismissal of his divorce action.  Finding no

error, we affirm the trial court's judgment.

────────────────────

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

In reviewing the trial court's decision on appeal, we view the evidence in the light most favorable to wife, the prevailing party, granting her the benefit of any reasonable inferences. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003).

After a thirty-nine-year marriage, husband and wife initiated divorce proceedings in Virginia and Massachusetts respectively.  Both parties filed motions to dismiss in each court for lack of personal jurisdiction.  On September 7, 2005, the Massachusetts court ruled it had personal jurisdiction over husband.  The Massachusetts court's ruling was based on affidavits and supporting briefs submitted by the parties as well as argument of counsel for both parties.[1] Husband appealed this order, and the Massachusetts appeals court ultimately dismissed his appeal.  In the meantime, wife's Massachusetts proceedings moved forward with numerous orders entered, discovery exchanged, and a pretrial conference and trial scheduled in that court.

The Virginia court denied wife's motion to dismiss for lack of personal jurisdiction on October 17, 2005, and denied wife's motion for reconsideration on December 15, 2005.  On December 29, 2005, husband filed a motion in the Virginia court to enter a divorce decree, expedite the trial date, and for an injunction enjoining wife from proceeding in the Massachusetts court.  By order entered January 20, 2006, the Virginia court refused to enter a divorce decree, declined to expedite the date for final hearing, and granted the injunction.  Wife appealed the injunction to this Court.

While the injunction order was on appeal, the Massachusetts proceedings continued and finally concluded after a seven-day trial.  The Massachusetts court entered a Judgment Nisi and

---

[1] The submissions by the parties included two affidavits and a fourteen-page memorandum submitted by the husband.

Rationale on August 22, 2006, and a Procedural History and Findings of Fact on September 1, 2006.[2] Pursuant to statute, the Massachusetts judgment became final ninety days from its entry.

On October 17, 2006, this Court summarily affirmed the Virginia trial court's January 20, 2006 order after concluding that wife's arguments were barred by Rule 5A:18. On November 2, 2006, husband filed a motion for contempt and related sanctions in the Virginia court arguing wife violated the injunction order. After the Massachusetts judgment became final, wife filed a motion to dismiss the husband's action asking the Virginia court to grant full faith and credit to the Massachusetts judgment. The Virginia court granted the motion, dismissed the husband's action by order entered December 29, 2006, and denied husband's motion for reconsideration by order entered January 19, 2007.

This appeal ensued.

## II. ANALYSIS

Husband argues the trial court should not have granted full faith and credit to the Massachusetts judgment because he challenges that court's personal jurisdiction over him[3] and because the trial court refused to grant full faith and credit to the Virginia injunction. Additionally, he argues wife was precluded from seeking a dismissal of the Virginia action under principles of equity and the unclean hands doctrine because she failed to comply with the injunction order. Lastly, husband argues the dismissal of his action should have allowed his sanctions motion to remain viable.

---

[2] The Rationale is a 27-page document explaining the basis supporting the court's Judgment Nisi, and the Procedural History and Findings of Fact is a 55-page document containing 64 items of procedural history and 409 findings of fact. The court noted it heard testimony from 5 witnesses, including the parties, and received 219 exhibits into evidence.

[3] Although husband argues he challenges the Massachusetts court's jurisdiction over him, he fails to argue why that court lacked personal jurisdiction over him or even cite to any provisions of Massachusetts' long-arm statute. Husband's appeal to the Massachusetts appeals court was dismissed on this point.

A. Full Faith and Credit

Article IV of the Constitution states, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1; see also Code § 8.01-389(B) (requiring every court in the Commonwealth to give the "records of courts not of this Commonwealth the full faith and credit given to them in the courts of the jurisdiction from whence they come"). The Full Faith and Credit Clause, therefore, requires that "[a] judgment entered in one State must be respected in another provided that the first State had jurisdiction over the parties and the subject matter." Nevada v. Hall, 440 U.S. 410, 421 (1979). Though a second court may inquire into the first state's jurisdiction, if "the second court's inquiry 'discloses that those [jurisdictional] questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment,'" the second court cannot re-examine the first court's jurisdiction. Bloodworth v. Ellis, 221 Va. 18, 21, 267 S.E.2d 96, 98 (1980) (quoting Durfee v. Duke, 375 U.S. 106, 111 (1963)). Because the record discloses the Massachusetts court's personal jurisdiction was fully and fairly litigated and finally decided in that court's jurisdiction, husband was barred from relitigating that issue in Virginia.[4]

Husband also contends the trial court erred in granting full faith and credit to the Massachusetts judgment because the Massachusetts court failed to give effect to the Virginia injunction. In support of this argument, husband relies on the principle that a court of one state will not give a judgment from a sister state a higher degree of effect than it would give the judgments of its own courts. Suter v. Suter, 37 S.E.2d 474 (W. Va. 1946). That principle has also been adopted in Virginia, see Kessler v. Fauquier Nat'l Bank, 195 Va. 1095, 81 S.E.2d 440

---

[4] In addition to arguing that the issue of the Massachusetts court's personal jurisdiction over him is "unresolved," an argument we reject outright, husband argues the Virginia court ruled it had personal jurisdiction over wife. Husband's argument is irrelevant since the issue of the Massachusetts court's jurisdiction over him has no bearing on the issue of the Virginia court's jurisdiction over the wife.

(1954), but it has no application here. The trial court did not give a higher degree of effect to the Massachusetts judgment than it would give a Virginia judgment. Giving full faith and credit to the Massachusetts judgment and applying the principles of *res judicata* to bar re-litigation of the issues pending before it, the Virginia court gave the same effect to the Massachusetts judgment as it would to its own.[5]

### B. Unclean Hands Doctrine

Husband also argues wife was precluded from seeking a dismissal under the unclean hands doctrine because she failed to comply with the Virginia injunction order. "Pursuant to the equitable maxim that [h]e who comes into equity must come with clean hands, the so-called clean hands doctrine, the complainant seeking equitable relief must not himself have been guilty of any inequitable or wrongful conduct with respect to the transaction or subject matter sued on." Richards v. Musselman, 221 Va. 181, 185 n.1, 267 S.E.2d 164, 166 n.1 (1980) (internal quotations and citation omitted). The doctrine of unclean hands cannot be applied here to prevent enforcement of the Full Faith and Credit Clause of the Constitution. Under the Supremacy Clause of the Constitution, the "Constitution . . . shall be the supreme law of the Land . . . and the Judges in every State shall be bound thereby." U.S. Const. art. VI, cl. 2. Thus, the Supremacy Clause "charges state courts with a . . . responsibility to enforce [the Constitution]." Howlett v. Rose, 496 U.S. 356, 367 (1990). Accordingly, the equitable doctrine of unclean hands is subordinate to the Constitution. See, e.g., General Motors Corp. v. Blevins, 144 F. Supp. 381, 388 (D. Colo. 1956) ("the protection of constitutional rights transcends in importance the application of the clean hands maxim").

---

[5] The question of whether state courts must give full faith and credit to anti-suit injunctions issued by sister states was not raised by husband and no argument was presented on this issue. Thus we will not consider it on appeal. See Rule 5A:20(c).

C.  Sanctions Motion

Although husband argues the trial court should have allowed the motion for sanctions to remain viable, he did not include this issue in his "Question Presented."[6]  We decline to consider "an issue not expressly stated among the 'questions presented.'"  Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001); see also Lay v. Commonwealth, 50 Va. App. 330, 336 n.3, 649 S.E.2d 714, 716 n.3 (2007) (explaining that under Rule 5A:12(c) "[w]e . . . do not answer [an] unasked question").  Furthermore, husband presents no authority for the proposition that a pending motion remains viable after the suit is dismissed.  See Rule 5A:20(e).

III.  CONCLUSION

For the reasons stated above, we conclude the trial court did not commit error in giving full faith and credit to the Massachusetts judgment and granting wife's motion to dismiss the husband's Virginia proceedings.  Therefore, the judgment of the trial court is affirmed.

Affirmed.

---

[6]  Husband's question presented asks:  "Where the wife intentionally violated the court's order enjoining her from prosecuting her divorce action in Massachusetts, did the same trial court err in dismissing husband's Virginia divorce action based upon the wife's final divorce order from Massachusetts?"