COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Haley and Petty
Argued at Salem, Virginia


WENDELL WALLACE TERRY

                                             MEMORANDUM OPINION* BY
v.        Record No. 2102-06-3               JUDGE JAMES W. HALEY, JR.
                                                 AUGUST 12, 2008
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                           Clifford R. Weckstein, Judge

            Michelle C. F. Derrico (Copenhaver, Ellett & Derrico, on briefs), for
            appellant.

            Leah A. Darron, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


                                    I.  INTRODUCTION

        Appealing his conviction for assault upon a law enforcement officer in violation of Code

§ 18.2-57(C), Wendell Wallace Terry argues the trial court erroneously applied a defense of

property standard, rather than a defense of person standard, in considering a claim of self-defense

raised in closing argument by his counsel.  We conclude that assignment of error need not be

addressed.  Terry denied committing any offense against the officers and, thus, produced no

evidence in support of self-defense.  Thus, his assignment of error necessarily fails, and we,

accordingly, affirm his conviction.

                                      II.  FACTS

        We recite only those facts necessary to the disposition of this appeal.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Roanoke Police Officer C.J. Witt responded to a call of a breaking and entering in progress at Linda Macy's house on October 10, 2005. Terry had periodically stayed at Macy's house. Witt entered the home with his gun drawn. Terry was found near a kitchen table, on which was mayonnaise, bologna, and bread. Witt asked Terry to show his hands. Witt testified Terry then "went rapidly" to the sink, "grabbed a knife, a silver knife and raised it over his head and started coming at me." Witt and two other officers eventually knocked the knife from Terry's hand, wrestled him to the ground, and handcuffed him. The knife turned out to be a butter knife.

Terry denied making any threatening movements toward the officers. He stated the officers probably did see him grab a knife, but claimed he needed to spread the mayonnaise he had retrieved from a refrigerator. He testified he never committed assault: "And I never went like this. Why would I go like this? They would have shot me. I would have been a dead man then. I wouldn't be testifying." He continued: "Why would I go after a butter knife? What? Take a butter knife to a gun --- I've got three police officers with guns pointed at me. I'm going to go and get a butter knife. I guess you would do that." In short, Terry specifically denied he made any threatening gestures whatsoever towards the officers and did nothing to defend himself.

During closing arguments, nonetheless, defense counsel asked the court to consider that Terry acted in self-defense. Counsel argued that "a man in his own home who has somebody suddenly approach him, even if they are police officers . . . that he is aware of no lawful need for the officers to be in his home at that point in time. And we would submit that his actions were not unreasonable."

III.  ANALYSIS

In Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001), the Virginia Supreme Court wrote that:  "The principles governing a plea of self-defense are well-established.  Self-defense is an affirmative defense to a charge . . . and in making such a plea, a 'defendant implicitly admits [his actions were] intentional and assumes the burden of introducing evidence in justification or excuse that raises a reasonable doubt . . . .'" (quoting McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978)).  See also Commonwealth v. Cary, 271 Va. 87, 99-100, 623 S.E.2d 906, 912-13 (2006); 40 Am. Jur. 2d Homicide § 139 (2008) (stating that "self-defense involves an intentional, admitted act on the part of the defendant"); 1 Michie's Jurisprudence Assault and Battery § 7 (2007) (noting that when "making a plea of self-defense, a defendant implicitly admits the wounding was intentional; the issue is whether the accused's admittedly intentional act was either justifiable or excusable").  This Court has noted such an admission:  "When the defendant asserted the defense of heat of passion and self-defense, he conceded he shot the victim."  Peeples v. Commonwealth, 30 Va. App. 626, 630, 519 S.E.2d 382, 383 (1999) (*en banc)*.  See also Hughes v. Commonwealth, 43 Va. App. 391, 403-05, 598 S.E.2d 743, 749 (2004).

In Graham v. Commonwealth, 31 Va. App. 662, 672, 525 S.E.2d 567, 572 (2000), we noted:  "Self-defense . . . is a defense to an *act of violence* that repels violence directed at the defendant."  (Emphasis added).  Because self-defense is an affirmative defense, "the accused has the burden of persuading the fact finder that he or she acted in defense of self or another to the degree necessary to raise a reasonable doubt about his or her guilt."  Lynn v. Commonwealth, 27 Va. App. 336, 352, 499 S.E.2d 1, 9 (1998); see also Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993).  The defendant has "the burden of coming forward—the practical burden of producing whatever self-defense evidence he can."  Ronald J. Bacigal,

- 3 -

Virginia Practice: Criminal Offenses and Defenses, at 161 (2007-08 ed.). Self-defense must be "supported by more than a scintilla of evidence." Sands, 262 Va. at 729, 553 S.E.2d at 736.

Terry expressly disclaimed that he committed any violence. We noted in Hughes that a self-defense instruction was properly denied because: "Simply claiming they acted in self-defense is insufficient. . . . No evidence suggests appellants . . . [acted] in self-defense." Hughes, 43 Va. App. at 404, 598 S.E.2d at 749. Here, it was not Terry who testified that he acted in self-defense. Rather, it was his counsel who argued he did, without an evidentiary basis to do so. Thus, whatever legal standard the circuit court may have applied to consider self-defense is irrelevant since, as a matter of law, Terry was not entitled to seek acquittal based upon self-defense.[1] Terry's argument is therefore "self-defeating." Lay v. Commonwealth, 50 Va. App. 330, 337, 649 S.E.2d 714, 717 (2007).

Affirmed.

---

[1] In a factually similar case, the Court of Appeals of Georgia wrote:

> As to the felony obstruction of a police officer count, the record shows that appellants did not admit committing the obstructionist acts that were alleged in the indictment and then seek to justify those acts as a necessary defense against the police officer's use of force against them. Rather, appellants testified that they had not committed those alleged obstructionist acts at all. Thus, under the evidence, appellants either committed the alleged acts of obstruction or they did not and no charge on self-defense as to the felony obstruction of an officer count was authorized.

Love v. State, 391 S.E.2d 447, 448 (Ga. Ct. App. 1990).