COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, McClanahan and Petty
Argued at Salem, Virginia


ROBERT ALLEN TACKETT

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2835-07-3                 JUDGE ROBERT P. FRANK
                                                    DECEMBER 9, 2008

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF RUSSELL COUNTY
                          Michael L. Moore, Judge

        Terrence Shea Cook (T. Shea Cook, P.C., on brief), for appellant.

        Richard B. Smith, Special Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Robert Allen Tackett, appellant, was convicted, in a jury trial, of credit card theft in

violation of Code § 18.2-192, credit card fraud in violation of Code § 18.2-195.1, credit card forgery

in violation of Code § 18.2-193, and identity fraud in violation of Code § 18.2-186.3. On appeal,

appellant argues the trial court erred in admitting evidence of hearsay testimony. For the reasons

stated, we affirm the trial court.

                                        BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26

Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438,

443, 358 S.E.2d 415, 418 (1987)).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

After a night of heavy drinking with his newfound acquaintance, Gary, appellant stole Gary's wallet containing a driver's license and an expired Lowe's credit card. Shortly thereafter, appellant attempted to use the Lowe's card to buy lawn equipment, but the card was declined. Appellant showed a Lowe's employee Gary's driver's license, claiming it was his, and the Lowe's credit center reactivated the card. Appellant then purchased over $3,300 worth of merchandise in four separate transactions that same evening.

At trial, appellant called J.C. to testify on his behalf. She told the jury that appellant visited her at her residence and offered to sell her a lawn mower that he had in his car. She purchased the new, self-propelled push mower for $50. She wanted to verify that the mower was not stolen, so she insisted on seeing the sales receipt. She testified that appellant produced a receipt, which he obtained from a man sitting in appellant's car who appellant referred to as "Gary."

In rebuttal, the Commonwealth recalled Detective Jeffrey Grizzell to testify that during his investigation, J.C. had told him that appellant had brought the lawn mower to her house and asked that she and her boyfriend keep it "until the cops cooled down." Appellant objected to this statement on the ground that it was hearsay. The trial court overruled the objection, explaining that "prior inconsistent statements [are] admissible for impeachment purposes."

This appeal follows.

## ANALYSIS

On appeal, appellant argues that the trial court erred in allowing Detective Grizzell's statements into evidence for purposes of impeaching J.C.'s credibility. Citing Hall v. Commonwealth, 233 Va. 369, 355 S.E.2d 591 (1987), appellant argues on appeal that a witness may be impeached by prior inconsistent statements only when a foundation is first laid by calling the witness' attention to the statement and questioning her about it before it is introduced. He argues this was not done in this case, rendering Detective Grizzell's statement inadmissible.

While appellant correctly states the law, his question presented does not ask us whether the testimony is inadmissible because a proper foundation had not been laid. Instead, appellant's narrowly worded question presented asks, "Did the Russell County Circuit Court err in permitting the hearsay statements of [J.C.]?" Thus, we are limited to answering only that question.

Rule 5A:12(c) provides that "[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals." We decline to consider "an issue not expressly stated among the 'questions presented.'" Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001); see also Lay v. Commonwealth, 50 Va. App. 330, 336 n.3, 649 S.E.2d 714, 716 n.3 (2007) (explaining that under Rule 5A:12(c) "[w]e . . . do not answer [an] unasked question"). As no appeal was sought or granted on the issue of whether Detective Grizzell's testimony was inadmissible because a proper foundation had not been laid, "we may not consider this issue on appeal" under Rule 5A:12(c).[1]

In Moore v. Commonwealth, ___ Va. ___, ___ S.E.2d ___ (Oct. 31, 2008), the Supreme Court of Virginia found this Court erred in finding appellant did not satisfy the requirements of Rule 5A:12(c). In that case, appellant argued that police did not have a reasonable articulable suspicion to stop his vehicle, while his question presented asked whether the police had probable cause to make the traffic stop. The Supreme Court acknowledged appellant's reliance upon the wrong legal standard, but stated, "Moore's question presented left no doubt that a Fourth Amendment violation was the subject of his appellate claim." Id. at ___, ___ S.E.2d at ___. Citing Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008), the Court concluded that an appeal should not be dismissed for violation of a non-jurisdictional rule

---

[1] This Court awarded an appeal on the sole question of "Did the trial court err in allowing hearsay statements of [J.C.] into evidence?"

without considering "whether a party's failure to adhere strictly to the rule's requirements is insignificant, or so substantial as to preclude the court's addressing the merits of the case." Id. at ___, ___ S.E.2d at ___.

In Moore, appellant's brief did not raise a new issue. The discrepancy between the question presented and the legal arguments raised in the brief is only the application of the correct legal standard. Here, the appellant's argument on brief is totally unrelated to the question presented. Appellant's question presented addressed hearsay, yet his argument on brief addresses a non-hearsay statement, i.e., prior inconsistent statement. We find that the issue of whether the Commonwealth neglected to lay a proper foundation raised in appellant's brief is substantially different from the question presented, "Did the trial court err in allowing hearsay statements of [J.C.] into evidence?" Unlike the circumstances in Moore, appellant's violation of Rule 5A:12(c) is "so substantial as to preclude the Court of Appeals from addressing the merits of the case." Id. Because appellant's hearsay question differs significantly from his argument concerning the failure to lay a proper foundation, we only address appellant's hearsay argument on appeal.

Hearsay is "[a] statement other than one made by the declarant while testifying at trial - offered in evidence to prove the truth of the matter asserted." Black's Law Dictionary 649 (5th ed. 1979). See also Brown v. Commonwealth, 25 Va. App. 171, 177, 487 S.E.2d 248, 251 (1997).

> "Whether an extrajudicial statement is hearsay depends upon the purpose for which it is offered and received into evidence. If the statement is received to prove the truth [or falsity] of its content, then it is hearsay and, in order to be admissible, must come within one of the many established exceptions to the general prohibition against admitting hearsay."

Id. (quoting Hanson v. Commonwealth, 14 Va. App. 173, 187, 416 S.E.2d 14, 22 (1992));

see also Garcia v. Commonwealth, 21 Va. App. 445, 450, 464 S.E.2d 563, 565 (1995) (*en banc*)

- 4 -

("A statement offered for any other purpose is not hearsay and is, therefore, governed by the other rules of admissibility.").

"As a general rule, hearsay evidence is incompetent and inadmissible," and "[t]he party seeking to rely upon an exception to the hearsay rule has the burden of establishing admissibility." Neal v. Commonwealth, 15 Va. App. 416, 421, 425 S.E.2d 521, 524 (1992). The Commonwealth did not offer the statement for the truth of its content. As appellant argues on brief, the Commonwealth offered the statement not for the truth, but for the purpose of impeaching J.C.'s credibility. See Groggins v. Commonwealth, 34 Va. App. 19, 24, 537 S.E.2d 605, 607 (2000) ("A witness' prior inconsistent statement is admissible to impeach trial testimony but is not admissible to prove the truth of the matter asserted. If the prior statement is offered to prove the truth of the statement uttered, it is hearsay."). Indeed, the trial court recognized that the statement was not hearsay by responding to appellant's objection that "prior inconsistent statements [are] admissible for impeachment purposes."[2] Thus, we find no error in the trial court's ruling.

Accordingly, appellant's convictions are affirmed.

Affirmed.

---

[2] We note that the trial court instructed the jury that it could only consider prior inconsistent statements for purposes of credibility.