COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Frank, Humphreys and Huff
Argued at Richmond


TYRONE YOUNGER

MEMORANDUM OPINION[*] BY
v.      Record No. 1775-11-2                    JUDGE ROBERT P. FRANK
                                                OCTOBER 16, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
W. Allan Sharrett, Judge

Steven B. Novey (Novey and Tomko Law Firm, on brief), for
appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Tyrone Younger, appellant, was convicted, in a jury trial, of feloniously eluding the police,

in violation of Code § 46.2-817. On appeal, he contends the trial court erred in allowing the

Commonwealth to introduce during rebuttal a previously suppressed statement by appellant that he

was "running" from the police because his license was suspended. For the reasons stated, we affirm

the trial court.

BACKGROUND

On October 16, 2010, at 10:30 p.m., Deputy Ryan Jones of the Greensville County

Sheriff's Office was traveling north in his marked patrol unit when he clocked appellant,

traveling south, at 79 miles per hour. At that time, Deputy Jones was being followed by Sergeant

Powell of the Greensville County Sheriff's Office in his marked patrol unit, who also clocked

appellant traveling at 79 miles per hour. Because the speed limit in that area was 55 miles per

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

hour, they both activated their emergency lights, made U-turns, and followed appellant. As appellant passed by Powell's vehicle, Powell heard appellant accelerate.

At trial, Jones testified that the roadway was two lanes; the terrain was generally "straight and flat" with no streetlights along the way. After a pursuit of approximately four to five miles at the same speed of 79 miles per hour, appellant's vehicle turned sharply into a school parking lot. His car hit the curb, "actually went airborne," and landed in the opposite direction in the parking lot. Once appellant's car came to a stop, appellant remained in the car. At the scene, appellant stated to Jones that he ran from the police because his license was suspended.

Appellant testified that he had just come from a friend's house where he had consumed "approximately two" shots of vodka. His music was playing loudly, and he knew he was speeding. He testified that by the time he saw the patrol lights, he knew they were pursuing him because he was the "only one out there speeding or doing something reckless." He explained that he pulled over immediately upon seeing blue lights, thinking the parking lot was a church. When asked on direct examination if he tried to run from the police, he responded to his attorney, "No, sir."

Prior to trial, the court granted appellant's motion to suppress his statement to Jones that he did not stop for the police because his license was suspended. At trial, the Commonwealth sought to use appellant's statement in rebuttal as substantive evidence of his motive for eluding. The Commonwealth argued that because appellant testified that he was not running from the police, this statement was in direct contradiction of his earlier suppressed statement. This testimony, argued the Commonwealth, waives any right to claim a Fifth Amendment privilege to his earlier statement. Appellant objected, arguing that before he can be impeached, the Commonwealth needed to lay a foundation where appellant denied ever making the earlier

- 2 -

statement. In the alternative, appellant sought to introduce evidence that his license was not, in fact, suspended.

The trial court ruled that to exclude the statement would allow appellant to use his suppressed statement as a shield for potential perjury. The trial court explained:

> Now that the defendant has taken the stand and made statements that are inconsistent, the Court is in a position that to deny the statement would be to allow the defendant to use his suppressed statement - - to use the Fifth Amendment as a shield for potential perjury. The Court is not accusing the defendant of perjury, but the jury, as trier of fact, has the right to know of the inconsistent statement.

> Because the Commonwealth could have used this but for the Fifth Amendment in its case in chief and because the Commonwealth now is on rebuttal, at which it may use relevant evidence, it now becomes a piece of evidence that is relevant and admissible, regardless of whether the defendant was confronted with the issue.

The Commonwealth proposed jury Instruction Number 7 which stated: "If you believe from the evidence that the defendant previously made a statement inconsistent with his testimony at this trial, that previous statement may be considered by you as proof that what the defendant previously said is true." During discussion of the instructions, the trial court drew counsel's attention to Instruction Number 7 and stated, "a prior inconsistent statement of the defendant." The following exchange ensued:

| DEFENSE COUNSEL: | Now, that's not the witness? That's the defendant? |
|---|---|
| COURT: | That's the defendant. |
| DEFENSE COUNSEL: | Defendant previously made. That's fine. Number 7? |

The trial court granted the proposed instruction.

This appeal follows.

ANALYSIS

Appellant argues the trial court erred in allowing the Commonwealth to introduce appellant's prior statement for impeachment purposes without laying a proper foundation. Specifically, he reasons that before the Commonwealth could question appellant about his statement that he eluded the police because his license was suspended, the Commonwealth must lay a proper foundation for a prior inconsistent statement.[1] This argument presupposes that appellant's statement at the scene was a prior inconsistent statement. However, at oral argument, appellant conceded the statement was a party admission. While we are not bound by a party's concession of law, see Epps v. Commonwealth, 47 Va. App. 687, 703, 626 S.E.2d 912, 919 (2006) (*en banc*), aff'd, 273 Va. 410, 641 S.E.2d 77 (2007), in this case we agree with appellant.

"It is fundamental to the right of cross-examination that a witness who is not a party to the case on trial may be impeached by prior statements made by the witness which are inconsistent with his present testimony . . . ." Hall v. Commonwealth, 233 Va. 369, 374, 355 S.E.2d 591, 594 (1987). Such statements are admissible for purposes of impeachment but inadmissible "to prove the truth of the matter asserted." Groggins v. Commonwealth, 34 Va. App. 19, 24, 537 S.E.2d 605, 607 (2000). "'Despite occasional misunderstandings on this point, consideration by the trier of fact of a party's admissions is not limited to the issue of the party's credibility. Party admissions are admitted to prove the truth of the matter asserted, and may be considered by the trier of fact for that purpose.'" Id. at 24-25, 537 S.E.2d at 608 (quoting Charles E. Friend, The Law of Evidence in Virginia § 18-38, at 748 (5th ed. 1999) (emphasis omitted)). "Any statement by a party to the proceedings, including an out-of-court statement by

---

[1] It is well settled that to impeach a witness by a prior inconsistent statement, the foundation should be laid by first calling the attention of the witness to the alleged inconsistent statement and inquiring whether he made it. Via v. Commonwealth, 42 Va. App. 164, 185, 590 S.E.2d 583, 593 (2004).

a defendant in a criminal case, is admissible as [an] exception to the hearsay rule when offered against that party." Alatishe v. Commonwealth, 12 Va. App. 376, 378, 404 S.E.2d 81, 82 (1991). Party admissions are admissible regardless of whether they are inculpatory or incriminating when made, or whether the party testifies. McCarter v. Commonwealth, 38 Va. App. 502, 508, 566 S.E.2d 868, 871 (2002).

In the case of a party admission, there is no requirement that the Commonwealth confront the party as to whether he previously made the statement. "'In the case of a party admission, the credibility of the extrajudicial declarant is not an issue affecting the admissibility of the statement, because the party need not cross-examine his own statement in order to be in a position to deny, contradict, or explain the statement.'" Groggins, 34 Va. App. at 24, 537 S.E.2d at 608 (quoting Goins v. Commonwealth, 251 Va. 442, 461, 470 S.E.2d 114, 127 (1996)). Thus, we find that the statement was a party admission, not a prior inconsistent statement, and need not address appellant's argument that the Commonwealth failed to lay a proper foundation.

Appellant next assigns error to the trial court's decision to allow the statement, in rebuttal, as substantive evidence because he contends he did not waive his Fifth Amendment right by testifying. However, we need not address this argument because appellant did not object to Commonwealth's proposed jury Instruction Number 7.

The Supreme Court of Virginia opined in Wintergreen Partners v. McGuireWoods, 280 Va. 374, 379, 698 S.E.2d 913, 916 (2010) (quoting Owens-Illinois, Inc. v. Thomas Baker Real Estate, Ltd., 237 Va. 649, 652, 379 S.E.2d 344, 346 (1989)), "'instructions given without objection become the law of the case and thereby bind the parties in the trial court and this Court on review.'" As such, any objection to the instruction is waived pursuant to Rule 5A:18. Wells v. Commonwealth, 60 Va. App. 111, 119, 724 S.E.2d 225, 229 (2012).

Appellant argues that because he made several prior objections to the admissibility of the statement as substantive evidence, the trial court was undoubtedly aware of his position that the statement was inadmissible for that purpose. He reasons that because the court was on notice of his position, he did not need to object again during jury instruction discussion. We need not address this argument because of counsel's response to Instruction Number 7. To the extent that appellant earlier argued the admissibility of the statement, he waived that argument by agreeing to the instruction.

"[O]bjection[s] must be timely made and the grounds stated with specificity." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986). In order to be timely, the objection must be made when the evidence is offered or the statement is made. Id. Indeed, Rule 3A:16(c) requires the trial court to "advise counsel of the instructions to be given" and to give them "the opportunity to make objections thereto" before instructing the jury. "Objections shall be made out of the presence of the jury, and before the court instructs the jury . . . ." Id.

In this case, the trial court adhered to the rules. The court reviewed the proposed instruction with counsel and gave them an opportunity to make and argue objections outside the presence of the jury. At that time, appellant's counsel stated "Fine," thereby making it clear he did not object to the proposed Instruction Number 7. Therefore, pursuant to Rules 3A:16 and 5A:18, any previous objection by appellant was trumped by his acquiescence to jury Instruction Number 7.

We conclude that appellant is bound by that instruction which allows the jury to consider his prior statement. Under the law of this case, then, the jury was properly allowed to consider as true his statement that he ran from the police because his license was suspended.

CONCLUSION

For the foregoing reasons, we find that the trial court did not err in allowing the

Commonwealth to introduce into evidence appellant's statement that he was running from the

police because his driver's license was suspended as substantive evidence.

Affirmed.