COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Decker and O'Brien
Argued by teleconference


ALFRED DARNELL LANE

MEMORANDUM OPINION[*] BY
v.      Record No. 0972-16-1                     JUDGE ROBERT J. HUMPHREYS
                                                                            APRIL 10, 2018
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Taite Westendorf (William Roots, Jr., on brief), for appellant.

Robert H. Anderson, III, Assistant Attorney General (Mark
R. Herring, Attorney General, on brief), for appellee.


Alfred Darnell Lane ("Lane") appeals his conviction for armed burglary in violation of

Code § 18.2-90 in the Circuit Court of the City of Portsmouth (the "circuit court").  He argues

that "[i]t was error for the court to find sufficient evidence appellant committed armed burglary

as the Commonwealth's proof lacked evidence of a breaking."

I.  BACKGROUND

Around 2:45 p.m. on August 20, 2015, Antonio Scott ("Antonio") returned to his home at

443 Florida Avenue, in the city of Portsmouth, with his groceries.  His sister Dajanay was

waiting near the front door and saw her brother enter the house with an unknown woman.

Antonio locked the door after he came in.  After talking with her brother, Dajanay went back

towards her room.  Dajanay heard the unknown woman who had come in with Antonio say that

she had to grab her phone charger from the car.  As this unknown woman opened the door to the

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

house, two men came in, later identified as Lane and Christian Burden ("Burden"). Dajanay heard Antonio tell the men "You're not coming in here." Lane had a gun, which Antonio and Lane began struggling over. The gun went off during the struggle. Dajanay heard three more gunshots, followed by her brother exclaiming "[o]h, he shot me." Dajanay asked Lane and Burden if she could get help for Antonio, but they refused. The men searched Antonio's room, but were apparently unable to find what they wanted. Lane called out for Burden to check if Antonio was dead. Shortly thereafter, both Lane and Burden ran out of the house.

Lane was tried on March 28, 2016, for felony murder, abduction, armed robbery, burglary, and related firearms charges. At trial, Myron Delbridge ("Delbridge"), a fellow inmate incarcerated with Lane at the Hampton Roads Regional Jail, testified that Lane had turned to him for advice. Delbridge testified that Lane told him he and Burden had gained access to the house through a "young lady" who opened the door for them on the pretense that she was getting her phone charger. As this "young lady" left the house, Lane and Burden "bum rushed the house." Lane was found guilty on all charges and sentenced to a total term of sixty-eight years in prison and twelve months in jail.

## II. ANALYSIS

### A. Standard of Review

"When a defendant challenges the sufficiency of the evidence, we view the evidence and all reasonable inferences in the light most favorable to the Commonwealth, the prevailing party in the trial court." Rowland v. Commonwealth, 281 Va. 396, 399, 707 S.E.2d 331, 333 (2011). "The judgment of the trial court shall not be set aside unless it appears from the evidence that said judgment is plainly wrong or without evidence to support it." Bright v. Commonwealth, 4 Va. App. 248, 250-51, 356 S.E.2d 443, 444 (1987); see also Code § 8.01-680.

B. Whether a Breaking Occurred

Code § 18.2-90 states that "If any person in the nighttime enters without breaking or in the daytime breaks and enters . . . with intent to commit murder, rape, robbery or arson in violation of §§ 18.2-77, 18.2-79 or § 18.2-80, he shall be deemed guilty of statutory burglary." Because this incident occurred during the daytime, breaking must be shown. Breaking "may be either actual or constructive." Johnson v. Commonwealth, 221 Va. 872, 876, 275 S.E.2d 592, 594 (1981) (quoting Davis v. Commonwealth, 132 Va. 521, 523, 110 S.E. 356, 357 (1922)). Actual breaking requires "the application of some force, slight though it may be, whereby the entrance is effected." Id. The force involved may indeed be very slight. See Phoung v. Commonwealth, 15 Va. App. 457, 424 S.E.2d 712 (1992) (finding widening of an already slightly open glass door sufficient to prove breaking). Constructive breaking, by contrast, "can include fraud, threats, trickery, conspiracy, or some other nefarious conduct designed to prompt the victim to let the burglar inside." Lay v. Commonwealth, 50 Va. App. 330, 335, 649 S.E.2d 714, 716 (2007).

Lane argues that no breaking occurred because the evidence lacked proof of force or deception of Antonio to gain entry. It is true that Dajanay could not see the door from her position, and therefore cannot say whether Lane or Burden applied any force to the door, but she did hear the unknown woman tell Antonio that she was retrieving her phone charger from the car. In conjunction with Delbridge's testimony, this evidence, taken in the light most favorable to the Commonwealth, supports the finding that the unknown woman was a part of a plan by Lane and Burden to gain access to the house. Though there are few cases in our jurisprudence outlining constructive breaking, the use of the unknown woman to gain access fits squarely within the bounds of "fraud, threats, trickery, conspiracy, or some other nefarious conduct designed to . . . let the burglar inside." Id. This Court has held that "[a] breaking occurs when an

accomplice opens a locked door from within to enable his cohorts to enter to commit a theft or by leaving a door or window open from within to facilitate a later entry to commit a crime." Bruce v. Commonwealth, 22 Va. App. 264, 270, 469 S.E.2d 64, 68 (1996). This is precisely what the testimony in the light most favorable to the Commonwealth shows. In short, "[t]he gravamen of the offense is breaking the close or the sanctity of the residence, which can be accomplished from within or without." Id.

Furthermore, actual and constructive breakings are not mutually exclusive. In Johnson, our Supreme Court held a breaking was both constructive and actual where the defendant had gained access to the house by claiming he was there to fix electrical fuses and widening the slightly ajar door when the resident went to get him a requested glass of water. See Johnson, 221 Va. at 876, 275 S.E.2d at 595. The situation here is similar. The record indicates that Antonio locked the door when he came into the house with the groceries. Whether the unknown woman with him merely ensured the door was unlocked for Lane and Burden or opened it for them is unknown, but either scenario constitutes a breaking.

## III. CONCLUSION

The evidence was clearly sufficient to show that a breaking occurred, and therefore the judgment of the circuit court is affirmed.

Affirmed.