## Richmond

### JEFFREY ALLEN GRAYBEAL

### V.

### COMMONWEALTH OF VIRGINIA

Record No. 831698.

January 18, 1985.

Present: All the Justices.

Michael A. Bragg for appellant.

Cynthia V. Bailey, Assistant Attorney Geeral (Gerald L. Baliles, Attorney General; Elizabeth J. Stewart, Assistant Attorney General on brief), for appellee.

THOMAS, J., delivered the opinion of the Court.

Jeffrey Allen Graybeal was indicted on twelve counts of nighttime breaking and entering an "office or storehouse" in violation of Code § 18.2-91 and one count of grand larceny in violation of Code § 18.2-95. His case was tried to a jury, and he was convicted

of all charges. The trial court entered judgment on the jury verdicts and sentenced Graybeal to three months in jail for each breaking and entering, twelve months for grand larceny, and imposed a $1,000 fine for one of the breaking and enterings.

On appeal, Graybeal complains only of his convictions on the twelve counts of breaking and entering. According to Graybeal, the Commonwealth failed to prove a violation of the code section referenced in the indictment. Graybeal contends that the evidence established that the structures broken into were not offices or storehouses as set forth in the indictment. In addition, Graybeal contends that none of the other provisions of Code § 18.2-91 applies.

The facts are as follows: Graybeal was arrested on December 18, 1982, at approximately 2:15 a.m. as he stood beside a highway attempting to flag down a car. The police found a pile of household items in a pine grove a few feet from where Graybeal had been standing. Graybeal's location at the time of his arrest was close to a mobile home sales lot that contained several furnished trailers or mobile homes. The police noticed that some of the trailers in the lot had been broken into. The police contacted the lot owner who verified that twelve trailers had been broken into and that household items were missing from each.

At trial, the service manager of the mobile home lot testified that the structures broken into were intended for resale or display. He testified that they were neither sectional houses nor modular homes, but that each was equipped with a hitch so that it could be pulled by a truck. He further testified that none of the structures was being used as an office or storehouse at the time. The service manager referred to the structures as "mobile homes," but he acknowledged that some people refer to them as "trailers." The testimony from the service manager, a Commonwealth witness, makes clear that Graybeal is correct in contending that the Commonwealth failed to prove that he broke into an office or storehouse, as stated in the indictment.

The question remains whether the evidence proved a violation of any other provision of Code § 18.2-91. That code section reads in pertinent part as follows:

If any person do any of the acts mentioned in § 18.2-90 with intent to commit larceny, or any felony other than murder,

rape or robbery, he shall be deemed guilty of statutory burglary . . . .

Code § 18.2-90 reads in pertinent part as follows:

> If any person . . . in the nighttime enter without breaking or break and enter either in the daytime or nighttime any office, shop, storehouse, warehouse, banking house, or other house, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation, with intent to commit murder, rape or robbery, he shall be deemed guilty of statutory burglary. . . .

According to Graybeal, the only other part of the statute that could be used against him concerns trailers. But he argues that before breaking into a trailer can serve as the basis for statutory burglary, the Commonwealth must prove that the trailer "is used as a dwelling or place of human habitation." Graybeal submits that there was no such proof in this case and therefore the Commonwealth failed to prove a violation of the statute with regard to the twelve counts of breaking and entering.

We think Graybeal's analysis is correct. This appeal concerns a penal statute. Recently, in *Turner* v. *Commonwealth*, 226 Va. 456, 309 S.E.2d 337 (1983), we set forth the principles that apply where penal statutes are construed:

> [T]he primary objective of statutory construction is to ascertain and give effect to legislative intent. A related principle is that the plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction. Finally, because the statute in question is penal in nature, it must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute.

*Id.* at 459, 309 S.E.2d at 338 (citations omitted). All these principles find application here.

In view of the evidence, Graybeal broke and entered a trailer. None of the other statutory categories plainly, obviously, or rationally applies to the facts. Although built and furnished for eventual use as a dwelling, each of the structures Graybeal allegedly entered was designed to be pulled by a motor vehicle upon

the roads and highways. Whether classified as a "mobile home" or "trailer" under Code § 46.1-1, each would be subject to registration and titling requirements until such time as the wheels and other appendages used for mobility had been removed and it had been attached to realty. *See* Code §§ 46.1-41, -44. At trial, the arresting officer testified that the structures broken into were "trailers." On at least fifteen occasions, the Commonwealth's attorney referred to these structures as "trailers" while questioning the service manager of the mobile home lot. The witness answered without hesitation or offering clarification. Since the structures broken and entered into were trailers, and since there was no proof that the trailers were used as dwellings or places of human habitation, then Graybeal did not commit statutory burglary by breaking and entering them.

The Commonwealth argues that even if the convictions cannot be upheld on the basis of breaking and entering twelve trailers, they can be upheld because the structures fall under the category "other house" that is set forth in Code § 18.2-90. We find no merit in this argument. The phrase "other house" is a general phrase placed at the end of a list of specific references to various structures. Those specific structures share the common element of being improvements affixed to the ground, that is, they are realty. Under the doctrine *ejusdem generis*, the general phrase "other house" must look for its meaning to the specific items which precede it. *See Martin* v. *Commonwealth*, 224 Va. 298, 295 S.E.2d 890 (1982). The structures into which Graybeal entered were not realty. Thus, they do not fall within the scope of "other house." In our opinion, it would violate sound principles of statutory construction and strain the clear intendment of the statute to hold that a trailer not used as a dwelling nevertheless falls under the definition of "other house."

We hold that under the facts and circumstances of this appeal, the Commonwealth failed to prove a violation of Code § 18.2-91, the statute under which Graybeal was indicted. Therefore, Graybeal's twelve convictions for statutory burglary will be reversed and the case dismissed as to those convictions. Our disposition of this appeal makes it unnecessary to address Graybeal's second assignment of error.

*Reversed and dismissed.*