## Alexandria

BRIAN R. ROONEY

v.

COMMONWEALTH OF VIRGINIA

No. 0727-92-4

Decided July 13, 1993

COUNSEL

Clinton O. Middleton, Assistant Public Defender (Steven T. Webster, Assistant Public Defender; Office of the Public Defender, on brief), for appellant.

Oliver L. Norrell, III, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—On appeal from his conviction of statutory burglary, Brian R. Rooney contends that the trial court erred in holding that a trailer could be the subject of statutory burglary under Code §§ 18.2-90 and 18.2-91. We disagree and affirm the judgment of the trial court.

Code § 18.2-91 provides, in pertinent part:

If any person commits any of the acts mentioned in Code § 18.2-90 with intent to commit larceny . . . he shall be guilty of statutory burglary.

Code § 18.2-90 provides, in pertinent part:

If any person in the nighttime enters without breaking or at any time breaks and enters . . . any office, shop, storehouse, warehouse, banking house, or other house . . ., he shall be deemed guilty of statutory burglary.

In reviewing penal statutes, we apply the following well-known principle:

[T]he primary objective of statutory construction is to ascertain and give effect to legislative intent. A related principle is that the plain, obvious and rational meaning of a statute is always to be preferred to any curious, narrow or strained construction. Finally, because the statute in question is penal in nature, it must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute.

*Graybeal v. Commonwealth*, 228 Va. 736, 739, 324 S.E.2d 698, 699-700 (1985).

Rooney contends that the property he was convicted of burglarizing was merely a trailer of a type not embraced within the scope of Code § 18.2-90. The trial court ruled that the property was an office and fell within the statute. The evidence supports that determination.

In *Graybeal*, the Supreme Court held that mobile homes, sitting on wheels on a sales lot and equipped with hitches so that they could be towed away, were not "other house[s]" under Code § 18.2-90. The Court said:

> The phrase "other house" is a general phrase placed at the end of a list of specific references to various structures. Those specific structures share the common element of being improvements affixed to the ground, that is, they are realty. Under the doctrine *ejusdem generis*, the general phrase "other house" must look for its meaning to the specific items which precede it.

*Id.* at 740, 324 S.E.2d at 700.

Citing *Graybeal*, in *Crews v. Commonwealth*, 3 Va. App. 531, 536, 352 S.E.2d 1, 3 (1987), we held that a school bus, not shown to be inoperable, used to store trailer skirting, did not fall within the scope of Code § 18.2-90. Whether previously mobile property that has been rendered stationary is affixed and a part of the real estate, and thus a subject of burglary, is a factual question. The trial court's determination of that issue will not be reversed if it is supported by credible evidence. *Crews*, 3 Va. App. at 537, 352 S.E.2d at 4. *See also Dalton v. Commonwealth,* 14 Va. App. 544, 546, 418 S.E.2d 563, 564 (1992).

The property that Rooney was convicted of burglarizing was an eight-foot by sixteen-foot office trailer set up on a storage lot. Although its wheels remained attached, it rested on a cinder block foundation. It served as a mailing address and had electrical and telephone services. It was furnished, equipped and used as the office of a towing business operating off of the lot. It was unquestionably an office. The evidence of its affixation to realty and permanent use as an office supported the trial court's determination that it was a structure affixed to the realty and an office within the scope of Code § 18.2-90.

The judgment of the trial court is affirmed.

*Affirmed.*

Moon, C.J.,* and Coleman, J., concurred.

---

\* On May 1, 1993, Judge Moon succeeded Judge Koontz as Chief Judge.