COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Annunziata
Argued at Norfolk, Virginia

WARREN THADDIOUS BUIE

v.          Record No. 0117-95-1          OPINION BY
                                    JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA               JANUARY 16, 1996

        FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Randolph T. West, Judge

            Edward I. Sarfan (Sarfan & Nachman, on brief),
            for appellant.

            Eugene Murphy, Assistant Attorney General
            (James S. Gilmore, III, Attorney General;
            Robert B. Condon, Assistant Attorney General,
            on brief), for appellee.


     Warren T. Buie (defendant) was convicted on an indictment

charging burglary of "a certain office, shop, storehouse, warehouse

or other house" in violation of Code § 18.2-91.  On appeal, he

contends that the evidence was insufficient to support the

conviction.  We disagree and affirm the decision of the trial

court.

     Under familiar principles of appellate review, we examine "the

evidence in the light most favorable to the Commonwealth, granting

to it all reasonable inferences fairly deducible therefrom."

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418

(1987).  "The judgment of a trial court sitting without a jury is

entitled to the same weight as a jury verdict and will not be set

aside unless it appears from the evidence that [it] is plainly

wrong or without evidence to support it."  Id.

     During the predawn hours of June 28, 1994, defendant was

observed "moving back and forth" inside an "office trailer" (trailer) located within the perimeter of a fenced construction site that was secured by locked gates. Police were summoned to the scene, and defendant, appearing from the side of the trailer, raised his arms, and stated, "All right. You guys got me. I was trespassing." Subsequent investigation revealed broken glass and open windows in the trailer, interior cabinets "rummaged through," and other contents in disarray.

The evidence disclosed that the fully enclosed trailer rested on blocks positioned along its underside, was served by electricity, air conditioned, and was appropriately designed and furnished for office use. The trailer was accessed by steps leading to one of two doors, both of which, together with its several windows, were locked at the conclusion of each workday. It is uncontroverted that the structure regularly functioned as an office at the time of the offense.

Nevertheless, defendant argues that the trailer was not sufficiently "permanent" and "affixed to realty" to satisfy the elements of Code § 18.2-91.[1]

> Code § 18.2-91 provides, inter alia:
> If any person [commits] any of the acts
> mentioned in Code § 18.2-90 with intent to
> commit larceny . . . he shall be guilty of
> statutory burglary . . . .

---

[1]Other elements of the offense are not in issue on appeal.

Code § 18.2-90 provides, in pertinent part:

> If any person . . . in the nighttime enters
> without breaking or at any time breaks and
> enters . . . any office, shop, storehouse,
> warehouse, banking house, or other house . . .,
> he shall be deemed guilty of statutory burglary
> . . . .

In construing Code § 18.2-90, the Supreme Court determined that the term "'other house' . . . placed at the end of a list of specific references to various structures[,]" all of which "share the common element of being improvements affixed to the ground," manifests legislative intent that such structures be a part of the realty.  Graybeal v. Commonwealth, 228 Va. 736, 740, 324 S.E.2d 698, 700 (1985); Crews v. Commonwealth, 3 Va. App. 531, 536, 352 S.E.2d 1, 3-4 (1987).  Thus, "in order for a structure to be the subject of burglary, . . . [it] must be permanently affixed to the ground . . . at the time of the unlawful entry."  Dalton v. Commonwealth, 14 Va. App. 544, 548, 418 S.E.2d 563, 565 (1992).[2]

In Dalton, we noted that permanency is "necessarily a factual determination . . . that may vary from case to case."  Id. at n.1, 418 S.E.2d at 565 n.1.  Therefore, "the focus . . . is on whether the structure is affixed to the ground so as to become a part of the realty at the time of the unlawful entry and not that the manner in which it is affixed . . . will in fact be permanent."  Id. (emphasis added).  "Whether previously mobile property that has been rendered stationary is affixed and a part of the real estate,

---

[2]Although not an issue in this appeal, Dalton also instructs that "a structure subject to burglary must . . . have walls and a roof."  Dalton, 14 Va. App. at 548, 418 S.E.2d at 565.

- 3 -

and thus a subject of burglary, is a factual question[,]" and the determination of the trial court will be reversed only if unsupported by credible evidence. <u>Rooney v. Commonwealth</u>, 16 Va. App. 738, 740, 432 S.E.2d 525, 526-27 (1993); <u>Dalton</u>, 14 Va. App. at 546, 418 S.E.2d at 564.

In <u>Rooney</u>, the appellant also challenged a burglary conviction resulting from the unlawful entry of an office trailer, arguing that it was not a structure contemplated by Code §§ 18.2-90 and -91. <u>Rooney</u>, 16 Va. App. at 739-40, 432 S.E.2d at 526. In affirming the conviction, we noted that the trailer was "set up on a . . . lot[,] . . . rested on a cinder block foundation," and was regularly utilized as an "office," with attendant electric service and furnishings, all characteristics shared by the trailer subject of the instant offense. <u>Id.</u> at 740, 432 S.E.2d at 527. Moreover, the instant trailer was served by fixed steps leading from ground level to an elevated doorway and surrounded by a secure fence.

We, therefore, find ample support in the record for the court's conclusion that the trailer was protected by the provisions of Code §§ 18.2-90 and -91 and affirm the conviction.

<u>Affirmed</u>.