COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Frank and Felton
Argued at Chesapeake, Virginia


JOHN THOMAS ROBINSON
                                        MEMORANDUM OPINION* BY
v.      Record No. 0470-03-1              JUDGE JAMES W. BENTON, JR.
                                            FEBRUARY 24, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

Amy L. Chudzinski, Assistant Public Defender, for appellant.

Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


The trial judge convicted John T. Robinson of statutory burglary in violation of Code

§§ 18.2-90 and 18.2-91 and petit larceny in violation of Code § 18.2-95. The issue on this appeal is

whether the evidence was sufficient to prove Robinson broke into a storehouse as prohibited by the

statute. We hold that it was not, and we reverse the burglary conviction.

I.

The evidence proved that one day after a homeowner returned home from a five-day

vacation he went to a "shed" behind his residence to retrieve a lawnmower and discovered that the

lock on the door was missing. Prior to leaving for his vacation, he had secured the door with the

lock. When he went inside the shed, he discovered that several items including a power washer, an

electric drill, and a chain saw, had been removed. He later found the lock, which had been cut, in a

shrub. The evidence further proved that, on a day when the homeowner was on vacation, Robinson

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

went to a pawnshop and sold items, which later were identified as property that had been removed from the homeowner's shed.

The trial judge found "that a secured yard shed, which . . . is what [the homeowner] said, meets the definition contained in the statute." The judge, therefore, convicted Robinson of statutory burglary and petit larceny.

II.

In pertinent part, Code § 18.2-90 provides as follows:

> If any person in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house or an adjoining, occupied outhouse or in the nighttime enters without breaking or at any time breaks and enters or enters and conceals himself in any office, shop, manufactured home, storehouse, warehouse, banking house, church . . . , or other house, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation, with intent to commit murder, rape or robbery or arson . . . , he shall be deemed guilty of statutory burglary, which offense shall be a Class 3 felony.[1]

Applying the statutory prohibition against breaking and entering a "storehouse," we have held "that in order for a structure to be the subject of burglary, the structure must be permanently affixed to the ground so as to become a part of the realty at the time of the unlawful entry." Dalton v. Commonwealth, 14 Va. App. 544, 548, 418 S.E.2d 563, 565 (1992). In reaching this holding, we relied in part upon the Supreme Court's holding that the "specific structures [listed in this part of the statute] share the common element of being improvements affixed to the ground, that is, they are realty." Graybeal v. Commonwealth, 228 Va. 736, 740, 324 S.E.2d 698, 700 (1985). Compare Crews v. Commonwealth, 3 Va. App. 531, 536-37, 352 S.E.2d 1, 4 (1987)

---

[1] Code § 18.2-91 provides different penalties "[i]f any person commits any of the acts mentioned in [Code] § 18.2-90 with intent to commit larceny, or any felony other than murder, rape or robbery . . . ."

(holding that statutory burglary was not proved because the evidence failed to prove that a converted school bus, which contained a security lock and was used by a business for storage, was affixed to the ground), with Allard v. Commonwealth, 24 Va. App. 57, 65, 480 S.E.2d 139, 143 (1997) (holding that the statutory element was proved because "photographic evidence established that the school is a permanent structure, fully enclosed with walls and a roof, affixed to the ground and part of the realty").

The evidence proved the homeowner referred to the structure as a "shed," and the trial judge found that the structure was "a secured yard shed." We have held, however, that "the focus in a particular case [must be] on whether the structure is affixed to the ground so as to become a part of the realty at the time of the unlawful entry." Dalton, 14 Va. App. at 548 n.1, 418 S.E.2d at 565 n.1. Thus, evidence which proved that the structure had a door and was large enough for a person to walk into was insufficient to prove that the structure satisfies the statutory definition. See Graybeal, 228 Va. at 740, 324 S.E.2d at 700 (noting that evidence which proved only that a storage structure was a "trailer," did not establish it was "affixed to the ground" and, thus, was insufficient to prove a violation of the statute). Indeed, we have said that proof establishing the structure "was used for storage and that the back door handle was secured by a large I-bolt and security lock" is insufficient to establish that the structure had been transformed to realty by "affixing the [structure] to the ground." Crews, 3 Va. App. at 536, 352 S.E.2d at 4. In this case, the mere description of the structure as a secure shed did not touch upon the necessary factors and proved nothing of significance about the storage shed. Cf. Rooney v. Commonwealth, 16 Va. App. 738, 740, 432 S.E.2d 525, 527 (1993) (noting that the evidence was sufficient because it proved the structure was "an eight-foot by sixteen-foot office trailer . . . rest[ing] on a cinder block foundation" and was serviced with electricity and other utilities). Accordingly, we hold that the evidence in this case was insufficient to prove that the structure

was "affixed to the ground" or "realty" and, therefore, failed to prove the shed was a "storehouse" as statutorily mandated.  Graybeal, 228 Va. at 740, 324 S.E.2d at 700.

For these reasons, we reverse the conviction for burglary.

Reversed.