COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Powell and Alston
Argued at Chesapeake, Virginia


JOHNNY EARL ARRINGTON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0938-09-1                      JUDGE CLEO E. POWELL
                                                    MARCH 9, 2010

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          H. Thomas Padrick, Jr., Judge

            T. Gregory Evans, Assistant Public Defender (Office of the Public
            Defender, on brief), for appellant.

            Eugene Murphy, Senior Assistant Attorney General (William C.
            Mims, Attorney General, on brief), for appellee.


        Johnny Earl Arrington ("Arrington") was convicted of statutory burglary, in violation of

Code § 18.2-91.[1]   On appeal, Arrington contends that because the Commonwealth alleged in the

indictment that Ms. Wong's home was permanently affixed to realty, an element required by

Code § 18.2-91, the Commonwealth was required to prove this element at trial and they

presented no evidence in support of this argument.  For the reasons that follow, we disagree and

affirm Arrington's conviction.

                                    I.  BACKGROUND

        At approximately 8:45 a.m. on the morning of June 11, 2008, Wing Wong and her

daughter left their residence on Shore Drive to go walk at a park near her home.  On the drive

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Arrington was also convicted of misdemeanor petit larceny, in violation of Code
§ 18.2-96, but that conviction is not before this Court.

home, Ms. Wong noticed a car that she did not recognize in her driveway. Ms. Wong then saw Arrington exit her home. She had never met Arrington before and had not given him permission to be in her home. Ms. Wong approached Arrington and asked him whether she could help him. He told her that his car had broken down and that he entered her home to use the phone but left when he found no one there. Ms. Wong then noticed that the door had been broken and that something had been used to open the storm door. Ms. Wong confronted Arrington with an accusation of trying to rob her, and he ran to his car. Ms. Wong recorded his license plate number in a calendar she was holding before calling 911 from a cell phone she had in her car. She provided the police with the license plate number and a description of Arrington's car. Ms. Wong's MP4 player was missing from her home.

At trial, Arrington took the stand in his own defense and explained that he had received the stolen goods from someone else. He admitted on cross-examination that he had previously been convicted of a felony and of a misdemeanor involving lying, stealing, or cheating. In convicting Arrington, the trial court found that

> [Arrington's] testimony is probably the biggest whopper I've heard in court in a long time . . . . But specifically as far as the exhibits are concerned, Commonwealth's Exhibit 1, it's clear based on the testimony of Ms. Wong, she left to go on a walk with her daughter. The house was intact. She returned a short time later and discovered [Arrington] in the house. And it's clear that before she got there [Arrington] had gone through the house, and Exhibit Number 1, showing where these things had been moved around and the other changes that she had indicated. It's clear that [Arrington] broke in and entered with the intent to commit larceny and did commit larceny.

## II. ANALYSIS

"On appeal, we view the evidence in the light most favorable to the Commonwealth and grant to it all reasonable inferences therefrom." Barlow v. Commonwealth, 26 Va. App. 421, 428-29, 494 S.E.2d 901, 904 (1998). "When ruling upon the sufficiency of the evidence, we

grant the judgment of the trial court sitting without a jury the same weight as a jury verdict and will not disturb that judgment on appeal unless it is plainly wrong or without evidence to support it." Ellis v. Commonwealth, 29 Va. App. 548, 554-55, 513 S.E.2d 453, 456 (1999) (citing Myrick v. Commonwealth, 13 Va. App. 333, 339, 412 S.E.2d 176, 179 (1991)). Whether property "is affixed and part of the real estate is a factual question." Rooney v. Commonwealth, 16 Va. App. 738, 740, 432 S.E.2d 525, 526-27 (1993). "The trial court's determination of that issue will not be reversed if it is supported by credible evidence." Id. at 740, 432 S.E.2d at 527 (citing Crews v. Commonwealth, 3 Va. App. 531, 537, 352 S.E.2d 1, 4 (1987)).

> If any person in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house or an adjoining, occupied outhouse . . . or at any time breaks and enters or enters and conceals himself in any building permanently affixed to realty, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation,

"with the intent to commit larceny[,]" he shall be guilty of burglary. Code §§ 18.2-90 and 18.2-91.

It is well settled that

> "If the unnecessary word or words inserted in the indictment describe, limit or qualify the words which it was necessary to insert therein, then they are descriptive of the offense charged in the indictment and cannot be rejected as surplusage. The offense as charged must be proved."

Commonwealth v. Nuckles, 266 Va. 519, 523, 587 S.E.2d 695, 697 (2003) (quoting Mitchell v. Commonwealth, 141 Va. 541, 560, 127 S.E. 368, 374 (1925)). Where the Commonwealth elects to use certain words in an indictment, they are then "bound to sustain the allegation by proof." Id. Here, Arrington's indictment reads "[o]n or about Wednesday, June 11, 2008, did enter in the nighttime, or did break and enter or enter and conceal himself in a building permanently affixed to realty belonging to Wing Wong, with the intent to commit larceny, in violation of

§§ 18.2-91 of the Code of Virginia (1950) as amended." Because the Commonwealth worded Arrington's indictment to include the phrase, "permanently affixed to realty[,]" to sustain a conviction, they were bound to prove that beyond a reasonable doubt.

Arrington contends that the Commonwealth may have proven that he broke and entered Ms. Wong's residence but failed to prove that this residence was "affixed to realty." We disagree. Here, the property that Ms. Wong found Arrington leaving was repeatedly referred to as her residence, house, and home. The ordinary meaning of the word "house" is a "building that serves as one's residence or domicile . . . ."[2] Webster's Third New International Third Dictionary 1096 (1981). A building is a

> constructed edifice designed to stand more or less permanently,
> covering a space of land usually covered by a roof and more or less
> completely enclosed by walls, and serving as a dwelling,
> storehouse, factory, shelter for animals, or other useful structure –
> distinguished from structures not designed for occupancy (as
> fences or monuments) and from structures not intended for use in
> one place (as boats or trailers) even though subject to occupancy.

Id. at 292. Moreover, in construing a prior version of this statute and addressing the definition of a series of structures identified as "houses," this Court stated "[a]lthough the statutory phrase "'other house" must look for its meaning to the specific items which precede it,' the phrase contemplates 'improvements affixed to the ground, that is, they are realty' . . . ." Griffin v. Commonwealth, 13 Va. App. 409, 411-12, 412 S.E.2d 709, 711 (1991) (quoting Graybeal v. Commonwealth, 228 Va. 736, 740, 324 S.E.2d 698, 700 (1985)). Therefore, it is clear that the phrase "house," by definition, describes a building affixed to realty.

The testimony at trial unequivocally demonstrated that the structure Arrington broke and entered was the place in which Ms. Wong and her family dwelled. Photographs in the record

---

[2] A "residence" is defined as "a building used as a home." Webster's Third New International Dictionary 1931 (1981). The definition of "home" is "the house and grounds with their appurtenances habitually occupied by a family." Id. at 1082.

- 4 -

support the trial court's inference that the house that Arrington broke and entered was "affixed to realty" within the ordinary meaning of the phrase. For example, the house had an address and a circular driveway. It was clearly equipped with electricity. See Giles v. Commonwealth, 277 Va. 369, 376, 672 S.E.2d 879, 883 (2009) (considering the fact that a building had electricity as a relevant factor in determining that the property was a "dwelling house"); Johns v. Commonwealth, 53 Va. App. 742, 749, 675 S.E.2d 211, 215 (2009). Thus, it cannot be said that the trial court's factual finding in this regard was plainly wrong or without evidence to support it.

### III. CONCLUSION

For the foregoing reasons, we affirm Arrington's conviction because the evidence, in the light most favorable to the Commonwealth, proves that the house Arrington broke and entered was affixed to realty.

Affirmed.