UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Malveaux and Senior Judge Clements
Argued by videoconference

JOSEPH SMITH

                                                  MEMORANDUM OPINION[*] BY
v.       Record No. 0228-20-1           JUDGE JEAN HARRISON CLEMENTS
                                                    DECEMBER 22, 2020

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Marjorie T. Arrington, Judge

Erik A. Mussoni, Assistant Public Defender, for appellant.

Rachel L. Yates, Assistant Attorney General (Mark R. Herring,
Attorney General; Kelsey M. Bulger, Assistant Attorney General, on
brief), for appellee.


The trial court convicted appellant of burglary and destruction of property, in violation of

Code §§ 18.2-91 and 18.2-137.[1]  Appellant argues on appeal that the trial court erred in denying his

motions to strike the burglary and destruction of property charges.  We affirm his convictions.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial."  Gerald v. Commonwealth,

295 Va. 469, 472 (2018) (quoting Scott v. Commonwealth, 292 Va. 380, 381 (2016)).  In doing so,

we discard any of appellant's conflicting evidence and regard as true all credible evidence favorable

to the Commonwealth and all inferences that may reasonably be drawn from that evidence.  Id. at

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was convicted in the same trial of grand larceny, larceny with intent to sell, and obtaining money by false pretenses, in violation of Code §§ 18.2-95, 18.2-108.01(A), and 18.2-178.  Appellant was not granted an appeal on those convictions.

473. So viewed, the evidence established that on Saturday, November 24, 2018, Terry Price went to the shed on his property to retrieve a ladder to decorate his church for Christmas. Price found that the lock had been broken off and was hanging, and the door to the shed was open. Once he entered the shed, Price noticed that his Electra Townie i3 beach cruiser bicycle, a power washer, and a six-foot, fiberglass stepladder were missing. Price indicated that the bicycle was a unique color that is no longer made, was equipped with special tires, and was considered high-end. Price had not given anyone permission to enter his property or remove those items. Price had accessed the shed and seen the items four days earlier, on Tuesday, November 20, 2018, when he retrieved a roasting pan. The shed had never been moved; it had been purchased and built on site twenty-eight years prior, sat atop cinder-block piers, and was equipped with electricity.

On November 26, 2018, appellant went to Liberty Pawn in Chesapeake to sell a beach cruiser bicycle. Appellant told Stanford Lawrence, the pawn shop employee, the bicycle was outside. Lawrence followed appellant outside to look at the bicycle, which was on the ground. While outside the shop, Lawrence saw another individual in appellant's vehicle waiting for him. Lawrence did not speak to the individual in the car and did not know why he was there. Appellant used his own identification and signed his name on the sales ticket. In signing the sales ticket, appellant certified that he was legally empowered to sell the bicycle. The serial number Lawrence recorded on the pawn shop sales ticket matched the serial number of Price's bike from his bike shop purchase receipt. Lawrence paid appellant $40 for the bike.

Appellant moved to strike the Commonwealth's evidence, which the trial court denied. Appellant did not present any evidence and argued that the Commonwealth had not established that he was the perpetrator of these offenses. Regarding the burglary charge, appellant argued that the shed was not permanently affixed to realty as required by the statute, so the Commonwealth failed to establish all the elements for the burglary charge. Appellant also argued that the inference of

- 2 -

guilt based on possession of recently stolen property did not apply to the burglary or destruction of property charges. The trial court found that the evidence was sufficient regarding the burglary and destruction of property charges and convicted appellant. This appeal follows.

ANALYSIS

I. The Shed is Permanently Affixed to Realty

Appellant argues that the Commonwealth failed to prove that Price's shed was a "building permanently affixed to realty," a necessary element of statutory burglary. Code § 18.2-90. "[I]n order for a structure to be the subject of burglary, the structure must be permanently affixed to the ground so as to become a part of the realty at the time of the unlawful entry." Dalton v. Commonwealth, 14 Va. App. 544, 548 (1992). Whether property is affixed and part of the real estate is a factual question. Rooney v. Commonwealth, 16 Va. App. 738, 740 (1993). "The trial court's determination of that issue will not be reversed if it is supported by credible evidence." Id. (citing Crews v. Commonwealth, 3 Va. App. 531, 536 (1987)).

The evidence in the record indicates that the shed was built on cinder-block piers, had not been moved in the twenty-eight years since it was built, and was equipped with electricity. This evidence is sufficient to establish that the trial court did not err in determining that the shed was permanently affixed to realty. See id. (holding that evidence was sufficient to establish structure was permanently affixed to realty because it showed the trailer rested on a cinder-block foundation and had electric service); Buie v. Commonwealth, 21 Va. App. 526, 528-30 (1996) (holding that evidence the trailer rested on blocks, had electricity and air conditioning, and was used as an office was sufficient to determine it was permanently affixed to the ground). But see Crews, 3 Va. App. at 536 (evidence that a school bus was used for storage and had a back-door handle with a security lock was insufficient to establish that it was permanently affixed to the ground).

II. Exclusive Possession of Recently Stolen Goods

At the threshold, appellant argues that the inference of guilt based on his possession of the recently stolen bicycle was rebutted because he was with another individual when he sold the bicycle. Noting that the Commonwealth's evidence was circumstantial, appellant contends that the mere presence of another individual created a reasonable hypothesis that the other individual was the thief.

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing." Pijor v. Commonwealth, 294 Va. 502, 512 (2017) (quoting Dowden v. Commonwealth, 260 Va. 459, 468 (2000)). "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion." Id. at 512-13 (quoting Muhammad v. Commonwealth, 269 Va. 451, 479 (2005)). Moreover, our review "does not distinguish between direct and circumstantial evidence, as the fact finder itself 'is entitled to consider all of the evidence, without distinction, in reaching its determination.'" Commonwealth v. Moseley, 293 Va. 455, 463 (2017) (quoting Commonwealth v. Hudson, 265 Va. 505, 512-13 (2003)).

"[C]ircumstantial evidence [must be] sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Kelley v. Commonwealth, 69 Va. App. 617, 629 (2019) (quoting Pijor, 294 Va. at 512). This principle, however, "does not add to the burden of proof placed upon the Commonwealth in a criminal case." Hudson, 265 Va. at 513. "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Ragland v. Commonwealth, 67 Va. App. 519, 531 (2017) (quoting Case v. Commonwealth, 63 Va. App. 14, 23 (2014)). "By finding the defendant guilty, . . . the factfinder 'has found by a process of elimination that the evidence does not contain a reasonable theory of innocence.'" James v.

- 4 -

Commonwealth, 53 Va. App. 671, 681 (2009) (quoting Haskins v. Commonwealth, 44 Va. App. 1, 9 (2004)). That conclusion "is itself a 'question of fact,' subject to deferential appellate review." Id.

The evidence established that appellant possessed the bicycle and exercised dominion and control over it when he sold it to Lawrence for $40. Although Lawrence saw someone in appellant's car, Lawrence did not speak to that individual and that individual did not participate in the sales transaction; rather, that individual remained in the car. Identification is required to make a sale, and sometimes, Lawrence sees individuals without identification who sell items through friends. The Commonwealth specifically asked Lawrence whether appellant was selling the item on behalf of another person, and Lawrence indicated appellant was selling the bicycle. The Commonwealth excluded appellant's reasonable hypothesis of innocence with this testimony. We reject appellant's contention that his possession of the stolen bicycle was explained and conclude that he did not rebut the inference of guilt.

A. The Inference of Guilt Regarding Burglary

Appellant argues that even if the inference was not rebutted, the trial court erred in applying the inference to the burglary charge in this case because there was no evidence establishing when the shed was broken into or when the items were taken. Code § 18.2-90 provides that:

> [i]f any person in the nighttime enters without breaking or in the daytime breaks and enters . . . in any building permanently affixed to realty, . . . with intent to commit murder, rape, robbery or arson . . . he shall be deemed guilty of statutory burglary, . . . .

Code § 18.2-91 provides that "[i]f any person commits any of the acts mentioned in § 18.2-90 with intent to commit larceny, . . . he shall be guilty of statutory burglary, . . . ."

The Supreme Court of Virginia has held that:

> The Commonwealth can establish a prima facie case that a defendant broke and entered by (1) proving that goods have been stolen from a house into which someone has broken and entered; (2) justifying the

- 5 -

> inference that both offenses were committed at the same time, by the same person, as a part of a criminal enterprise; and (3) proving that these goods were found soon thereafter in the possession of the defendant.

Finney v. Commonwealth, 277 Va. 83, 90 (2009) (citing Guynn v. Commonwealth, 220 Va. 478, 480 (1979)). There is no allegation that appellant entered the shed at night, so the Commonwealth was charged with proving that appellant committed a breaking to enter the shed. "A 'breaking' under burglary law can be 'either actual or constructive.'" Pooler v. Commonwealth, 71 Va. App. 214, 222 (2019) (citing Lay v. Commonwealth, 50 Va. App. 330, 334 (2007)). "Actual breaking requires the use of physical force." Id. Even slight physical force is sufficient to constitute breaking. Id. (citing Lay, 50 Va. App. at 334-35).

In Finney, the victim's neighbor saw Finney walking down the street with his arms full of items. 227 Va. at 86. The victim had been in the process of moving to another home and had not been to this property in seven or eight days, but knew all of his tools were accounted for, the lock for the shed was in place, and the fence surrounding his property was intact. Id. at 86-87. Upon his return to the property, the victim found that four or five vertical boards had been removed from his fence to create an opening, the doorjamb on the shed had been ripped apart, and the shed was mostly bare. Id. at 86. Finney later returned to the property, entered through the opening in the fence, and was going through the remaining items in the shed when the victim approached him. Id. at 87.

The Supreme Court found that there was no evidence, direct or circumstantial, that Finney broke into the shed. Id. at 89-90. Finney's presence in the shed and his possession of some of the tools, without more, did not prove that he committed the breaking. Id. The Supreme Court noted that the breaking of the shed could have occurred at any time during the seven or eight day period the victim was away from the property and the victim had himself testified that he believed it would have taken more than one person to remove all of the tools. Id. at 90. There, the multitude of

- 6 -

factors taken together created a reasonable hypothesis that another person may have committed the breaking and Finney entered the shed without breaking and thus the evidence did not establish Finney's guilt beyond a reasonable doubt.  Id.

Here, it is uncontroverted that an actual breaking occurred on Price's shed because the lock was broken.  Four days had passed before Price realized someone had broken into the shed and taken items.  However, Price immediately knew that only three items were missing.  There is no evidence that the items were taken by more than one person, and as discussed above, nothing in the record supports appellant's contention that he was selling the bicycle for someone else.  In Finney, the victim thought it would take more than one person to remove the large quantity of items that had been taken and he had not been in his shed, or even on the property, in over a week.  When compared to the facts in Finney, the trial court reasonably could infer that the breaking and entering and the larceny were committed at the same time, by the same person, as part of a criminal enterprise.

Appellant correctly argues that his possession of recently stolen goods is, by itself, insufficient to support a conviction for burglary; however, the record does not show that the trial court relied solely on appellant's bare possession of the stolen bicycle.  The Commonwealth proved all three elements to establish a *prima facie* case that appellant broke and entered Price's shed.  Id. The Commonwealth established that the lock had been damaged and the bike, ladder, and power washer were missing from the shed.  The evidence justified the inference that appellant committed both the breaking and entering and the theft at the same time, as part of a criminal enterprise. Finally, the Commonwealth proved that appellant possessed the bicycle when he sold it to the pawn shop, two days after Price discovered it was missing.  No evidence provided an innocent explanation for appellant's possession of the stolen bicycle.  Thus, credible evidence supports the trial court's finding.

B. The Inference of Guilt Does Apply to Destruction of Property

Appellant argues that the trial court erred in applying the inference to the destruction of property charge in this case because this doctrine has not been applied specifically to destruction of property charges. Appellant relies on Cheatham v. Commonwealth, 215 Va. 286, 289 (1974), where our Supreme Court declined to extend the presumption of guilt based on possession of recently stolen goods to a charge of credit card theft. Cheatham was not charged with the robbery where the credit card was originally stolen, nor did the Commonwealth contend that Cheatham was a perpetrator of that crime. Id. at 288. Cheatham was only charged with credit card theft for withholding the credit card once he possessed it. Id. The only evidence that the Commonwealth presented was that Cheatham had not returned the credit card, but there was no evidence that he had the time or opportunity to do so. Id. at 290.

We find Cheatham inapposite. Appellant was charged with the underlying statutory burglary and larceny crimes related to the original incident. The destruction of property logically occurred simultaneously with the breaking and entering, as the lock was destroyed when the shed was broken into. The Commonwealth alleged that appellant committed the burglary, larceny, and destruction of property at the same time, as part of a criminal enterprise. The Commonwealth presented evidence that the lock to the shed was damaged and had to be replaced. As discussed above, the evidence was sufficient to support the finding that appellant committed the burglary of the shed. Considering the evidence, it was reasonable for the trial court to infer that appellant broke into the shed. Consequently, it was equally reasonable for the trial court to infer that he destroyed the lock, which permitted his entry. "The specific intent to commit [a crime] may be inferred from the conduct of the accused if such intent flows naturally from the conduct proven." Knight v. Commonwealth, 61 Va. App. 148, 161 (2012) (citing Wilson v. Commonwealth, 249 Va. 95, 101 (1995)).

Appellant is again correct that the larceny inference, by itself, is not enough to sustain a conviction for the destruction of property. However, the inference, taken together with all the evidence as discussed, is applicable in this case. Thus, credible evidence supports the trial court's finding of sufficient evidence of appellant's guilt. For all the aforesaid reasons, we affirm appellant's convictions.

<u>Affirmed.</u>