**UNITED STATES of America**

v.

**Earnest Robert BAXTER, Defendant.**

**Criminal No. 7:09cr00046.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Jan. 11, 2010.

Ronald Andrew Bassford, United States Attorneys Office, Roanoke, VA, for Plaintiff.

## MEMORANDUM OPINION

SAMUEL G. WILSON, District Judge.

The defendant, Earnest Robert Baxter, pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The matter is before the court on Baxter's objection to the assertion in his presentence report that he qualifies as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), which subjects him to enhanced penalties. According to Baxter, one of the offenses the probation report cites as a predicate offense fails to qualify. The court concludes, however, from appropriate court records pertaining to that conviction, that it is a predicate offense and that Baxter is therefore an armed career criminal subject to enhanced penalties.

### I.

Baxter, who has five prior felony convictions, pled guilty pursuant to a plea agreement to possession of a firearm by a convicted felon.[1] The presentence report asserts that three of Baxter's previous convictions qualify as predicate offenses under the ACCA: (1) a statutory burglary conviction in Culpeper County, Virginia; (2) a statutory burglary conviction in Roanoke City, Virginia; and (3) two counts of robbery in Roanoke County, Virginia. Baxter disputes the use of the second of these (the Roanoke City statutory burglary conviction) as a predicate offense.

A Roanoke City grand jury returned an indictment against Baxter on January 5, 1976, for the disputed statutory burglary conviction. The indictment charged that:

> On or about November 23, 1975, in the City of Roanoke, Virginia, Earnest Robert Baxter did break and enter in the nighttime a certain shop known as Garland's Northwest, owned by T.M. Garland and J.G. Williams, with intent to commit larceny.

Virginia Code Section 18.2–91.

The indictment was amended on January 21, 1976, to indicate that Baxter had an alias, and, according to an order of the Circuit Court entered on that date, Baxter "pleaded guilty to the amended indictment," the court found him "guilty of statutory burglary as charged in the amended indictment," and the court ordered a presentence report.[2]

The presentence report recounted that officers responded to an alarm at "Garland's Drug Store" during the early morning hours of November 23, 1975, observed a hole in the cinder block wall, a sledgehammer nearby, and an open door. They entered, conducted a search, and found Baxter and another individual hiding in a "false ceiling." The court ordered the presentence report "filed as part of the record in [the] case" and, after hearing additional evidence and arguments, sentenced Baxter to three years confinement.

There is no transcript of Baxter's guilty plea or sentencing and the only records before this court are the arrest warrant,

---

1. Baxter has been convicted of offenses on at least eleven separate occasions, and he has had at least twenty-three offenses either dismissed or *nolle prossed.*

2. The Supreme Court of Virginia has consistently stated that "[i]t is the firmly established law of this Commonwealth that a trial court speaks only through its written orders." *Walton v. Commonwealth,* 256 Va. 85, 501 S.E.2d 134, 140 (1998). Consequently, the Circuit Court's order provides, in pertinent part, that "having heard the evidence and argument of counsel [the court] doth find the defendant guilty of statutory burglary as charged in the amended indictment." Therefore, the order was not simply an historical accounting of what had transpired, but rather constituted the actual written acceptance of Baxter's plea.

indictment, two Circuit Court orders (one following Baxter's guilty plea, and one following his sentencing proceeding) and his state presentence report.

## II.

■ For a statutory burglary conviction to serve as a predicate offense under the ACCA, it must necessarily contain all the elements of "generic burglary," which requires "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States,* 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Baxter argues that this court, in determining whether the Roanoke City statutory burglary conviction qualifies as generic burglary, can consider only the charging document (the indictment), the "conviction" order, and the sentencing order. Because those documents disclose only that he pled guilty to breaking and entering a "shop," and because a shop is not necessarily a building or structure, he argues that the conviction does not qualify as a predicate offense. This court concludes, however, that whatever meaning the word "shop" may have in common parlance, the Supreme Court of Virginia has made clear that, insofar as Virginia's statutory burglary statutes are concerned, it has a specific meaning that includes only "improvements affixed to the ground"— that is, structures or buildings that are realty. It follows from the indictment and the Circuit Court's orders that Baxter pled guilty to and was sentenced for an offense that qualifies as "generic burglary"—a qualifying predicate offense under the ACCA, and the court will overrule his objection.

■ Ordinarily, a court must employ a "categorical approach" in determining whether a prior conviction properly serves as a predicate conviction under the ACCA.

*See United States v. Williams,* 326 F.3d 535, 538 (4th Cir.2003) (citing *Taylor,* 495 U.S. at 600, 110 S.Ct. 2143). The court is "obliged, under that approach, to analyze the offense 'generically—that is, by relying solely on its essential elements, rather than on the particular underlying facts.'" *United States v. Harcum,* 587 F.3d 219, 222 (4th Cir.2009) (citing *James v. United States,* 550 U.S. 192, 208, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007)). The court "may look only to the fact of conviction and the statutory definition of the offense of conviction to determine whether the offense" qualifies. *Id.*

■ "When the fact of conviction and the statutory definition of the offense are unduly vague or ambiguous, a sentencing court is entitled to turn to and apply the alternative 'modified categorical' approach." *Id.* at 223 (citing *Shepard v. United States,* 544 U.S. 13, 20, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *Taylor,* 495 U.S. at 602, 110 S.Ct. 2143). This approach may be permissible, for example, where a statute "can be violated in a number of ways, some of which would support enhancement under § 924(e) and some of which would not." *Williams,* 326 F.3d at 538. This approach, however, is "substantially circumscribed" to ensure that only highly reliable sources of evidence are considered. *Shepard,* 544 U.S. at 20–23, 125 S.Ct. 1254. Under the modified categorical approach, a sentencing court may consider only "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented," *Harcum,* 587 F.3d at 223 (quoting *Shepard,* 544 U.S. at 16, 125 S.Ct. 1254), and certain "external documents" that are "explicitly incorporated" into otherwise permissible documents. *Id.* at 223 (quoting *United States v. Simms,* 441 F.3d 313, 317 (4th Cir.2006)).

With these precepts in mind, the court turns to Baxter's conviction in the City of Roanoke for breaking and entering a "shop" with intent to commit larceny.

■ In Virginia, statutory burglary does not necessarily include all of the elements of generic burglary. Two code provisions (Virginia Code §§ 18.2–90 and 18.2–91), which are *in pari materia,* define the statutory burglary offense charged against Baxter. During the relevant time period, the first of these code provisions, § 18.2–90 provided in pertinent part:

> If any person ... in the nighttime enter without breaking or break and enter either in the daytime or nighttime any office, *shop,* storehouse, warehouse, banking house, or *other house,* or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile truck or trailer is used as a dwelling or place of human habitation, with intent to commit murder, rape or robbery, he shall be deemed guilty of statutory burglary .... [3] (emphasis added).

As the Supreme Court of Virginia has made clear, in the context of this code provision, the language "office, shop, storehouse, warehouse, banking house, or other house" describes only structures that are realty:

The phrase "other house" is a general phrase placed at the end of a list of specific references to various structures. Those specific structures share the common elements of being improvements affixed to the ground, that is, they are realty.

*Graybeal v. Commonwealth,* 228 Va. 736, 324 S.E.2d 698, 700 (1985). The other things listed, which may be the subject of statutory burglary under certain circumstances in Virginia (ships, vessels, river crafts, railroad cars, automobiles, trucks, and trailers), are not structures that are affixed to the ground, and therefore are not proper subjects of generic burglary under the ACCA. *See Taylor,* 495 U.S. at 598, 110 S.Ct. 2143.

■ The second of Virginia's code provisions relating to Baxter's statutory burglary conviction is § 18.2–91, which provides in pertinent part:

> If any person do any of the acts mention in § 18.2–90 with intent to commit larceny, or any felony other than murder, rape or robbery, he shall be deemed guilty of statutory burglary.

Read together, § 18.2–90 and § 18.2–91 specify the elements (and also the penalties) for the offense of breaking and entering a shop with intent to commit larceny.[4] And from these two provisions it is clear

---

**3.** The Virginia General Assembly has since amended the statute. The words "any office, shop, storehouse, warehouse, banking house, or other house" have been removed and replaced by the words "any building permanently affixed to realty," which conforms to the meaning the Supreme Court of Virginia has consistently applied to those terms in the statute.

**4.** The Ninth Circuit Court of Appeals has viewed the predecessor statute to § 18.2–91, § 18.2–89, as a penalty provision which fails to contain "any elements of an offense at all." *United States v. Melton,* 344 F.3d 1021, 1025 (9th Cir.2003). This court respectfully disagrees. It is not an offense under § 18.2–90 to break and enter a shop to commit larceny. It is an offense under § 18.2–91, which provides that anyone who commits the acts proscribed in § 18.2–90 with intent to commit larceny is guilty of statutory burglary. Section 18.2–91 essentially incorporates by reference the elements of § 18.2–90 and supplies the "intent to commit larceny" element to define the offense. these highly reliable documents unequivocally demonstrate that, as far as the Roanoke City conviction is concerned, Baxter pled guilty to and was sentenced for an offense that constitutes "generic burglary" under the ACCA.

that, in Virginia, the offense of breaking and entering a shop with the intent to commit larceny qualifies as generic burglary under the ACCA. Therefore, the only remaining question is whether under the "modified categorical approach" the appropriate documents necessarily establish that Baxter pled guilty to and was convicted of that offense.

The Court finds the answer to this single remaining question to be straightforward. It is quickly answered by three highly reliable documents that are appropriately considered under the "modified categorical" approach: (1) the indictment which alleges all the elements of generic burglary—breaking and entering a "shop" (which under §§ 18.2–90 and 18.2–91 includes only structures affixed to the ground) with intent to commit larceny; (2) the Circuit Court's order finding the defendant guilty of statutory burglary as charged in the indictment[5]; and (3) the Circuit Court's order sentencing Baxter to three years confinement for that offense.[6] In sum,

### III.

Accordingly, Baxter is an Armed Career Criminal who is subject to enhanced penalties under the ACCA, and his objection to the presentence report is overruled.

---

5. As indicated on its face by the initials of the presiding Circuit Judge, the indictment was amended on January 21, 1976, to include Baxter's alias. Accordingly, the Circuit Judge's orders refer to the indictment as the amended indictment.

6. Under the circumstances, the Court need not decide whether it may properly consider Baxter's state presentence report, which the Circuit Court's sentencing order reflects was "filed as a part of the record" in that case after Baxter had been given "the right to cross-examine the probation officer as to any matter contained in the report and to present any additional facts bearing upon the matter as [he] desired to present." *See United States v. Harcum*, 587 F.3d 219, 223–24 (4th Cir.

2009) (citing *United States v. Simms*, 441 F.3d 313, 317 (4th Cir.2006) (standing for the proposition that otherwise impermissible documents may be considered for purposes of the ACCA if they have been explicitly incorporated into permissible sources); *United States v. Thomas*, 572 F.3d 945, 950 (D.C.Cir.2009) (citing *United States v. Richardson*, 161 F.3d 728, 737–38 (D.C.Cir.1998) (holding that a state presentence report from the qualifying offense under the ACCA was a "legitimate and reliable" source)); but see *United States v. Rosa*, 507 F.3d 142, 155 (2d Cir.2007) (disallowing the inclusion of a bill of particulars to establish ACCA liability, though noting that its decision may not be in conflict with the Fourth Circuit cases)).