PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

     *Plaintiff-Appellee,*

v.

EARNEST ROBERT BAXTER,

     *Defendant-Appellant.*

No. 10-4080

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, District Judge.
(7:09-cr-00046-sgw-1)

Argued: March 25, 2011

Decided: April 26, 2011

Before KING, DAVIS, and KEENAN, Circuit Judges.

Affirmed by published opinion. Judge Davis wrote the opinion, in which Judge King and Judge Keenan concurred.

## COUNSEL

**ARGUED:** Randy Virlin Cargill, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Jean Barrett Hudson, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee. **ON BRIEF:** Larry W. Shelton, Federal Public Defender,

Christine Madeleine Lee, Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

---

## OPINION

DAVIS, Circuit Judge:

Earnest Robert Baxter pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Baxter was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to the mandatory minimum period of incarceration: 180 months. Baxter appeals his sentence, contending, as he did before the district court, *see United States v. Baxter*, 677 F. Supp. 2d 918 (W.D. Va. 2010), that the government failed to satisfy its burden to establish that his 1976 burglary conviction in state court qualifies as a predicate offense under the ACCA. Like the district court, *id.* at 921-22, we conclude that the government satisfied its burden; accordingly, we affirm.

Under the ACCA, a defendant may be sentenced as an armed career criminal (and thus subject to a fifteen-year mandatory minimum sentence) if he violates 18 U.S.C. § 922(g) and has at least three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. § 924(e)(1). Whether a prior conviction qualifies as a predicate offense under § 924(e) is a question of statutory construction we review de novo. *United States v. Brandon*, 247 F.3d 186, 188 (4th Cir. 2001).

To determine whether an offense under state law falls within the definition of a violent felony, courts generally

employ a categorical approach, under which consideration is given only to the essential elements of the offense and the fact of conviction. *See United States v. White*, 571 F.3d 365, 368 (4th Cir. 2009). Burglary is a "violent felony" under the ACCA. 18 U.S.C. § 924(e)(1)(B)(ii). Interpreting the ACCA, the Supreme Court has held that "a person has been convicted of burglary . . . if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990).

While a sentencing court normally may look only to the statutory elements of an offense and the fact of the conviction, because some statutes (like the Virginia provisions at issue here) define burglary broadly to encompass enclosures other than "a building or structure," the categorical approach "may permit the sentencing court to go beyond the mere fact of conviction" in certain cases. *Id.* at 602. Thus, an offense will constitute burglary if the jury was required "to find all the elements of generic burglary in order to convict the defendant," and "the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building," so "the jury necessarily had to find an entry of a building to convict." *Id.* In cases where, as here, the defendant pled guilty to the prior offense, a federal sentencing court may consider certain court documents, including but not limited to the indictment, a transcript of the plea colloquy and/or the written plea agreement. *Shepard v. United States*, 544 U.S. 13, 20-21 (2005).

Baxter correctly argues that the Virginia statute under which he was convicted in 1976 contains a definition of burglary that is broader than the *Taylor* definition of generic burglary: it encompasses not only unlawful entry into "a building or structure," but, under some circumstances, an automobile, truck, ship, or railroad car, as well. *See* Va. Code Ann. § 18.2-

90.[1] At sentencing, the government produced to the district court three relevant documents: (1) the indictment, which charged Baxter with breaking and entering into a "shop"; (2) the order memorializing Baxter's guilty plea; and (3) the order imposing sentence. *Baxter*, 677 F. Supp. 2d at 920-21. Baxter did not object to the court's consideration of these documents. Rather, seizing on the use in the indictment of the term "shop" to describe the premises where he committed the challenged burglary offense, he contends before us (as he did below) that the term is too ambiguously expansive to support a finding that his entry was into "a building or structure" as required by *Taylor*. He essentially contends that, for all that appears, a "shop" could be operated out of a "railroad car, or any automobile, truck or trailer." *See supra* n.1.

As the district court correctly concluded, however, Baxter's contention founders on the definitive construction of the Virginia statute by the Virginia Supreme Court in *Graybeal v. Commonwealth*, 324 S.E.2d 698, 700 (Va. 1985).[2] In *Gray-*

---

[1]In pertinent part, the 1976 version of the applicable Virginia statute provided:

> If any person in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house or an adjoining, occupied outhouse or in the nighttime enters without breaking or at any time breaks and enters or enters and conceals himself in any office, shop, manufactured home, storehouse, warehouse, banking house, church . . . , or other house, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation, with intent to commit [a crime] . . . , he shall be deemed guilty of statutory burglary . . . .

Va. Code Ann. § 18.2-90. The parties have sparred over the import of a 2004 amendment to the statute, *see Baxter*, 677 F. Supp. 2d at 922 n.3, but we decide this case solely on the basis of the language of the statute as it existed at the time Baxter committed his offense in 1976.

[2]*See Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265, 1270 (2010) (noting that, in analyzing ACCA predicates, "[w]e are . . . bound by the [state] Supreme Court's interpretation of state law, including its determination of the elements of [the pertinent statute]") (alterations added).

*beal*, the court reversed a conviction under the statute because the proof at trial established at most that the defendant had entered a "trailer." *Id.* Proof that a trailer was entered could only support a conviction if the trailer were used for human habitation. *Id.* The evidence at trial failed to establish this. *Id.*

Significantly, the prosecution sought to salvage the conviction by reliance on the theory that a "trailer" might be deemed an "other house" within the meaning of the statute. *Id.* In rejecting the prosecution's alternative argument, the court reasoned as follows:

> The Commonwealth argues that even if the convictions cannot be upheld on the basis of breaking and entering twelve trailers, they can be upheld because the structures fall under the category "other house" that is set forth in Code § 18.2-90. We find no merit in this argument. The phrase "other house" is a general phrase placed at the end of a list of specific references to various structures [i.e., any office, shop, manufactured home, storehouse, warehouse, banking house, church . . .]. *Those specific structures share the common element of being improvements affixed to the ground, that is, they are realty.* Under the doctrine *ejusdem generis*, the general phrase "other house" must look for its meaning to the specific items which precede it. *See Martin v. Commonwealth*, 224 Va. 298, 295 S.E.2d 890 (1982). The structures into which Graybeal entered were not realty. Thus, they do not fall within the scope of "other house." In our opinion, it would violate sound principles of statutory construction and strain the clear intendment of the statute to hold that a trailer not used as a dwelling nevertheless falls under the definition of "other house."

*Id.* (emphasis added).

As can be seen, therefore, the grand jury's use of the term "shop" in the indictment to which Baxter pled guilty in 1976 did not take his conviction outside of the sweep of the *Taylor* holding on the meaning of "burglary" under the ACCA.[3] To the contrary, as the district court correctly found, the reference to "shop" in the indictment "necessarily established" that Baxter's burglary conviction was based on his entry into a structure that was "*affixed to the ground*," *id.* (emphasis added), namely, "a building." *Taylor*, 495 U.S. at 599.

For the reasons set forth, the judgment of the district court is

*AFFIRMED*.

---

[3]Baxter suggested at oral argument that the fact that he pled guilty to burglary and was sentenced years before the Virginia Supreme Court rendered its definitive interpretation of the Commonwealth's burglary statute in *Graybeal* forecloses the application of that case in his federal sentencing proceeding. He cited no support for this proposition and we reject it. *Cf. Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312-13 (1994) ("A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction.").