**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1404

MARIO RIVERA, a/k/a Mario Antonio Rivers,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  September 18, 2012    Decided:  September 28, 2012

Before NIEMEYER, DAVIS, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Steffanie J. Lewis, THE INTERNATIONAL BUSINESS LAW FIRM, PC, Washington, D.C. for Petitioner.  Stuart F. Delery, Acting Assistant Attorney General, Ada E. Bosque, Senior Litigation Counsel, Lindsay Corliss, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Rivera, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his application for special rule cancellation of removal under § 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA") (Pub. L. No. 105-100, 111 Stat. 2160). Rivera challenges the findings that his conviction for sexual battery was a crime involving moral turpitude, that he was not a person of good moral character and that his removal would not be an exceptional and extremely unusual hardship to him and his family. We deny the petition for review.

We have noted that Congress did not define a crime involving moral turpitude. See Yousefi v. INS, 260 F.3d 318, 325-26 (4th Cir. 2001). We accord substantial deference to the Board's determination of what type of conduct involves moral turpitude. Id. at 326. The interpretation must not be an unreasonable one. Id. The Board looks to the elements of the offense rather than the facts surrounding the crime. Id.

The Board has defined a crime involving moral turpitude as being "'inherently base, vile, or depraved, and contrary to accepted rules of morality and the duties owed between persons or to society in general.'" Prudencio v.

2

<u>Holder</u>, 669 F.3d 472, 484-85 (4th Cir. 2012) (quoting <u>Matter of Olquin-Rufino</u>, 23 I. & N. Dec. 896, 896 (BIA 2006)).

Generally, the categorical approach involves giving consideration "only to the essential elements of the offense and the fact of conviction." <u>United States v. Baxter</u>, 642 F.3d 475, 476 (4th Cir. 2011). In order to find that a conviction was a crime involving moral turpitude under the categorical approach that was utilized in this case, the Board and the immigration judge must determine whether the crime at issue categorically involves moral turpitude by examining "whether there is a 'realistic probability, not a theoretical possibility,'" that the criminal statute "would be applied to reach conduct that does not involve moral turpitude." <u>Matter of Silva-Trevino</u>, 24 I. & N. Dec. 687, 690 (BIA 2009). "This realistic probability can be established by showing that, in at least one other case, the state courts in fact did apply the statute in the special (nongeneric) manner[.]" <u>Nunez v. Holder</u>, 594 F.3d 1124, 1129 (9th Cir. 2010) (internal quotation marks omitted). It is Rivera's burden to establish that he is qualified for NACARA relief. <u>See</u> 8 C.F.R. § 1240.66(c) (2012). Thus, he must show that the conviction can be applied in a way that would not be considered a crime involving moral turpitude.

We conclude that the Board did not err in finding that Rivera's conviction for Va. Code Ann. § 18.2-67.4 (2009), Sexual

3

Battery, is categorically a crime involving moral turpitude. Rivera failed to show that the statute could be applied in a way that would not involve moral turpitude.

Because Rivera was inadmissible due to a prior conviction for a crime involving moral turpitude, in order to establish eligibility for relief under the NACARA, he needed to show that he was of good moral character during the ten year period of continuous presence following the commission of the offense and that his removal would be an exceptional and extremely unusual hardship to him and his family. See 8 C.F.R. § 1240.66(c).

In Barahona v. Holder, __ F.3d __, 2012 WL 3264386, *3 (4th Cir. 2012), we noted that the court does not have jurisdiction to review factual findings or discretionary denials of relief under the NACARA, except to review constitutional claims and questions of law. Thus, the findings that Rivera was not of good moral character or that his removal would not be an exceptional and extremely unusual hardship, to the extent based on factual findings and discretion, are not reviewable.

Rivera attempts to fashion his arguments against the discretionary findings as reviewable questions of law. However, we conclude that he has failed to raise such reviewable questions. Thus, we are without jurisdiction to review the discretionary finding that Rivera was not a person of good moral

4

character or that his removal would not be an exceptional and extremely unusual hardship.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

5